HAYES et al. v. PENNEY. (No. 1565.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 29, 1919.)

1. PLEADING ⊜⫘111—PLEA OF PRIVILEGE CONTROLLING IN ABSENCE OF PROOF.

When defendants in an action for conversion filed written plea of privilege under oath to be sued in the county of their residence, and alleged that none of the exceptions to exclusive venue in the county of their residence existed, the plea conforming to Vernon's Sayles' Ann. Civ. St. 1914, art. 1903, and plaintiff filed controverting affidavit to the plea, an issue was joined, and in the absence of proof on either side the trial court should have sustained the plea.

2. APPEAL AND ERROR ⊜⫘1177(2)—REVERSAL WITH REMAND FOR TRIAL OF ISSUE ON PLEA OF PRIVILEGE.

Where it appears on appeal that the case has not been fully developed as to the truth of the allegations of defendants' plea of privilege, controverted by plaintiff, it becomes the duty of the Court of Civil Appeals to reverse and remand for trial of the issue, rather than to remand with instruction to make the transfer under the statute, though the plea should have been sustained, in the absence of proof on either side.

Appeal from District Court, Lubbock County; W. R. Spencer, Judge.

Suit by John E. Penney against C. W. Hayes and others. From judgment for plaintiff, defendants appeal. Reversed and remanded.

Veale & Lumpkin, of Amarillo, for appellants.

Percy Spencer, of Lubbock, for appellee.

HALL, J. This is a suit by appellee, claiming damages in the sum of $2,000, for the conversion by appellants of an automobile. It is alleged that appellants unlawfully took possession of said property and converted the same to their own use, and that such conversion took place in Lubbock county, Tex. Appellants filed their plea of privilege to be sued in Potter county, Tex.; said plea conforming in all things to the requirements of article 1903, Vernon's Sayles' Civil Statutes, vol. 1, Supplement. In reply to this plea appellee filed his controverting affidavit, alleging that such conversion actually and physically occurred in Lubbock county, Tex. The order overruling the plea contains this recital:

"And the court, after hearing said plea of privilege read, as well as the controverting affidavit thereto, thereupon the plaintiff refused to introduce any proof sustaining his controverting affidavit to said plea of privilege, and thereupon the defendants, after the plaintiff had refused to introduce proof, likewise declined to introduce proof upon said issue, and the court, after hearing the argument of counsel thereon, is of the opinion that the burden of proof was upon the defendants to establish the allegations contained in their plea of privilege."

[1] The case is before us upon the single proposition that, when defendants filed a written plea of privilege under oath, to be sued in the county of their residence, and alleged that none of the exceptions to the exclusive venue in the county of their residence existed, and plaintiff filed a controverting affidavit to said plea of privilege, an issue is joined, and where no proof is introduced to show that the allegations in the controverting affidavit are true, then the court is required to sustain said plea of privilege. We think this proposition is sound. In Carver Bros. v. Merrett, 184 S. W. 741, the direct question involved here was considered, and it was held that in a suit for conversion plaintiff was bound to overcome a plea of privilege by proof that the conversion was committed in the county where he had filed his suit. The same state of facts presented in this record was again considered in the case of Ray et al. v. W. W. Kimball Co., 207 S. W. 351, in which Judge Buck said:

"Article 1903, V. S. Civ. Stats., as amended by the Acts of the 35th Legislature (Reg. Sess.)

⊜⫘For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

p. 388 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), provides what shall be sufficient to constitute a plea of privilege, and 'that such plea of privilege, when filed, shall be prima facie proof of the defendant's right to change of venue.' This plea must be sworn to and must contain an allegation that none of the exceptions to exclusive venue in the county of defendant's residence exist. The pleas in the instant case contained such allegation. * * * The statute above noted makes the sworn plea of the defendants prima facie proof of the right to a change of venue, but does not make the controverting affidavit of plaintiff proof of anything. The issue having been joined by sworn pleas of defendants and plaintiff, the duty to hear such issue is invoked. If no evidence is introduced to show that the facts alleged in the controverting plea are true, then the court is required to sustain the plea of privilege."

The judgment is reversed, and the cause remanded with instructions to transfer the case to the district court of Potter county, unless the appellee, upon another trial, should sustain the fact alleged in his controverting affidavit and show that the conversion actually occurred in Lubbock county.

[2] In their brief, appellants ask that the judgment be reversed, and the case ordered transferred to the district court of Potter county. It appears from the recital quoted from the judgment of the court that the trial judge was of the opinion that it was not necessary for plaintiff to sustain the facts alleged in his controverting affidavit by proof, but that the burden upon such issues rested upon the defendants. Having proceeded upon an erroneous theory, and it appearing that the case in this particular has not been fully developed, it becomes our duty to reverse and remand for a trial of that issue, rather than to remand the case, with instructions to make the transfer under the statute. M., K. & T. Ry. Co. of Texas v. Langford, 201 S. W. 1087; Dunn v. Taylor, 102 Tex. 80, 113 S. W. 265; Pence v. Cobb, 155 S. W. 608; Paris & Great Northern v. Robinson, 104 Tex. 482, 140 S. W. 434.

---

⊚⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes