## SPARKS et al. v. WEST.
### No. 7626.

Court of Civil Appeals of Texas. Austin.
July 15, 1931.

Critz & Woodward, of Coleman, for appellants.

Baker & Baker, of Coleman, for appellee.

BAUGH, J.

Appeal is from an order overruling the pleas of privilege of John Sparks and Arthur P.

Stephens to be sued in Tarrant and Dallas counties, respectively, where they resided. Appellee sued them for $200 for labor alleged to have been performed in Coleman county by him for them under oral contract. Neither in his petition nor in his controverting plea did he allege the precinct in which such labor was performed. The suit was filed in precinct No. 1 of Coleman county. Appellee asserted venue in said precinct No. 1 under section 4 of article 2390, R. S. 1925, which provides: "Suits upon a contract in writing promising performance at any particular place, may be brought in the county and precinct in which such contract was to be performed, provided that in all suits to recover for labor actually performed, suit may be brought and maintained where such labor is performed, whether the contract for same be oral or in writing."

■ The trial court concluded as a matter of law that under said statute appellee was authorized to bring his suit in any precinct in Coleman county; that is, that the word "where," used in the proviso added to the general statute by amendment in 1917, refers to and includes the county in which such labor was performed, and that venue in such case is not restricted to the precinct in such county, as in case of written contracts. In this the trial court clearly erred. No more reason exists for giving a county wide venue in a cause of action of which the justice court has original jurisdiction in a suit for labor performed than for doing so on a contract in writing, or on any other cause of action. Nor do we think the Legislature so intended in its amendment. On the contrary, we think the word "where" necessarily confines the "place" of such suit to the precinct in which the labor was performed, where venue is predicated upon that ground, just as does the provision concerning contracts in writing.

No statement of facts accompanies the record, but the trial court's findings of fact show that the labor was performed in precinct No. 3 of Coleman county; that there was no qualified justice of the peace in that precinct; and that precinct No. 1, where said suit was brought, was the nearest justice of the peace to said precinct No. 3. Appellee contends, therefore, under article 2393, R. S. 1925, appellee was entitled to bring this suit in said precinct No. 1.

■ Such grounds, however, were not alleged by appellee in his petition, nor in his controverting affidavit, as a basis for venue in said precinct No. 1. Under the general well-established rule that, as against a defendant's plea of privilege, plaintiff must both allege and prove specific grounds on which to sustain venue where the suit is brought, we must reverse the trial court's judgment, and appellants contend that it is the duty of this

court to order the transfer of the suit in accordance with said pleas of privilege. We do not, however, sustain this contention.

■ The general rule is now well established that, upon a reversal of the trial court's judgment, if it seems probable that the ends of justice may best be served by remanding the case, instead of rendering same, even though amendment of appellee's pleadings may be necessary to secure proper relief upon another trial, the appellate court should remand rather than render same. Associated Oil Co. v. Hart (Tex. Com. App.) 277 S. W. 1043, and authorities there cited; Stolaroff v. Campbell (Tex. Civ. App.) 18 S.W.(2d) 838, 841; Brooks Const. Co. v. Bank (Tex. Civ. App.) 39 S.W. (2d) 83; 3 Tex. Jur. 1231. And this rule has been applied to orders overruling pleas of privilege. Smith v. Rogers (Tex. Civ. App.) 34 S.W.(2d) 312, and cases cited.

While the trial court erred in overruling said pleas on the grounds asserted and under the pleadings presented, we think the interests of justice would be best subserved by reversing and remanding the case. If it appears upon another hearing that venue was properly laid in Coleman county, a trial upon the merits should be had there. Otherwise the pleas of privilege should be sustained. McKay v. King-Collie Co. (Tex. Civ. App.) 228 S. W. 991.

Reversed and remanded.