## BROWN v. COX.

### No. 7730.

Court of Civil Appeals of Texas. Austin.

Oct. 12, 1932.

Rehearing Denied Oct. 26, 1932.

Sneed & Martins, of Austin, for appellant.

Shropshire & Sanders, of Brady, for appellee.

BAUGH, J.

Appeal is from a judgment overruling appellant's plea of privilege to be sued in Travis county, the place of his residence. He was sued individually and as surviving partner of the partnership of Brown & Root; the other partner, Dan E. Root, having died prior to the filing of the suit.

The first question presented raises the sufficiency of appellee's controverting affidavit to appellant's plea of privilege. Omitting formal parts, this controverting plea was as follows: "That on or about the 20th day of November, A. D. 1928, this plaintiff W. W. Cox entered into a written contract with Herman Brown and Brown & Root, a partnership in which it was agreed by and between said parties that Brown & Root and Herman Brown would grade and hard surface certain streets in the city of Brady, McCulloch County, Texas, more particularly certain streets in and about the residence of this plaintiff which is located in said city of Brady, McCulloch County, Texas; that said hard surfacing and grading was to be done by defendants in a manner conforming with the plans and specifications set out in said contract in writing to be performed in the said city of Brady, McCulloch County, Texas. That by reason of the defendants having breached said written contract by failing to perform the same in accordance with the same therein specified this suit may be maintained in this court by virtue of article 1995, Vernon's Statutes, subd. 5."

Nowhere does such controverting plea refer to nor adopt in any manner the original petition, nor set out any facts therein alleged.

Appellant's plea of privilege, which was in statutory form, established prima facie his right to have the suit transferred to Travis county. To defeat that right, it was incumbent upon appellee, under article 2007, R. S., to both plead and prove specifically the fact or facts relied upon to do so. It is just as essential that his pleading be sufficient in that regard as that his proof be. In the instant case we think appellee's pleading on that issue was insufficient. Nowhere does it allege any facts which would identify the property involved, the streets complained of, the terms of the contract, place of payment, nor intimate when, wherein, nor how, such alleged contract was breached. As a pleading, it was clearly subject to the demurrers lodged against it, and sets forth only legal conclusions. While the court may look to the original petition to ascertain the nature or character of the suit in question—that is, whether, for example, it involved lands, breach of contract, action in trespass, or tort, or related to some subject-matter over which the statute fixes venue specifically in some county—it cannot look to the petition for specific facts on the issue of venue, where no reference is made to same in the controverting plea. We are confined, therefore, under the controverting plea above set out, entirely to the averments of that plea on the sufficiency

of the facts alleged. Penix v. Davis (Tex. Civ. App.) 265 S. W. 718; Jacobson v. Berwick (Tex. Civ. App.) 289 S. W. 1035; Bender v. Kowalski (Tex. Civ. App.) 13 S.W.(2d) 201; Lawless v. Tidwell (Tex. Civ. App.) 24 S. W.(2d) 515; Chicago Bridge & Iron Co. v. Bailey (Tex. Civ. App.) 44 S.W.(2d) 452; Commercial Standard Ins. Co. v. Lowrie (Tex. Civ. App.) 49 S.W.(2d) 933, 937. We think the controverting plea failed to allege sufficient facts to show a binding contract between the parties performable in McCulloch county. While it was not necessary to prove, on a trial of the venue question, such breach of contract as would entitle appellee to recover damages, it was necessary to sufficiently allege a binding contract performable in that county in order to overcome appellant's plea of privilege. Davis v. Texas Life Ins. Co. (Tex. Civ. App.) 22 S.W.(2d) 960.

■ But this error does not require that upon reversal the case be transferred to Travis county. Where the ends of justice will be best subserved by a remand, that is the proper course, even though amendment of the pleadings upon another trial may be necessary. And this course has been followed in appeals from judgments on pleas of privilege. Sparks v. West (Tex. Civ. App.) 41 S.W.(2d) 301; Smith v. Rogers (Tex. Civ. App.) 34 S.W.(2d) 312; 3 Tex. Jur., p. 1232.

■■ The next question raised relates to the admission of evidence upon the issue of venue. We do not deem it necessary to discuss the best evidence rule as relates to written contracts, the production of the original contract as evidence, or showing reasons for failure to do so, before introducing secondary evidence as to such contract. However, it is clear that, under the controverting plea as filed herein, it was improper to admit in evidence, on the issue of venue, a contract between appellee and the city of Brady, in no wise pleaded nor referred to in the controverting affidavit. If that contract were ancillary to the contract alleged, or were essential to a determination of the rights of the parties thereto, in order to render it admissible, such matters should have been alleged in the controverting plea. It is likewise true that, if the contract between appellee and appellant were executed by an agent of appellant, as against such plea of privilege, it was incumbent upon appellee to prove, not only the execution of the contract in question, but that the agent had authority to execute it. The plea of privilege challenged both of these questions. Such proof could, of course, be made by extraneous evidence. Diacomis v. Wright (Tex. Com. App.) 34 S.W.(2d) 806; Berry v. Pierce Pet. Corp. (Tex. Com. App.) 39 S.W.(2d) 824.

The other issues raised need not recur upon another trial in case appellee amends his controverting plea so as to fully present the question of venue. If not, then the trial court should, upon another hearing, order the case transferred to Travis county. For the reasons stated, the judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.