**OLSCHEWSKE v. SMYTH et al.**
No. 2852.

Court of Civil Appeals of Texas. El Paso.
June 15, 1933.

Rehearing Granted June 29, 1933.

Albert J. De Lange and Stewart & De Lange, all of Houston, for appellant.

Seay, Seay, Malone & Lipscomb, of Dallas, for appellees.

WALTHALL, Justice.

This case presents an appeal from an order of the district court of Dallas county overruling a plea of privilege to be sued in Harris county.

J. C. Smyth, as plaintiff, brought this suit in the district court of Dallas county against defendant William H. Olschewske and others, all alleged to be residents of Harris county, Tex., but, other than William H. Olschewske, we need not state their names or otherwise refer to them.

Plaintiff alleged that on the date mentioned defendant William H. Olschewske executed and delivered to Southland Life Insurance Company, a corporation, his promissory note in the principal sum of $35,000, said note made payable to the order of Southland Life Insurance Company at its office in Dallas, Tex., the note providing for the payment of interest semiannually as it accrues, the note containing other provisions not material to state here. The petition alleges that the principal note described is owned and held by the Southland Life Insurance Company.

It is alleged that, as security for the payment of said note, defendant Olschewske conveyed by deed of trust to a trustee named certain real estate described, the petition fully stating the provisions of the deed of trust, and alleges default in the payment of interest and taxes provided for in the note and deed of trust and that the Southland Life Insurance Company had assigned to plaintiff Smyth the accrued and unpaid installments of interest upon said note, in the sum of $1,050; alleged that defendant Olschewske had defaulted in the performance of the provision in said deed of trust, in that he had failed to keep the improvements described in the trust deed insured against fire and tornado, and that Southland Life Insurance Company, as the owner and holder of the said debt, was compelled to procure insurance on said improvements, as it was authorized to do by the trust deed,

and had done so, stating the sum paid, and had been required to pay the state and county taxes on said property. This suit by plaintiff Smyth is to recover the amount of his debt as to the principal and interest, and attorney's fees, and to foreclose his deed of trust lien, senior and superior to the rights of all defendants in the suit. The petition is duly verified.

Defendant Olschewske seasonably filed a plea of privilege in due form asserting his right to be sued in Harris county, the county of his domicile. The plea of privilege was duly controverted by plaintiff Smyth on the ground that the defendant Olschewske had bound himself by the note in writing and the deed of trust, both made performable in Dallas county. The residence of the defendant to be in Harris county was not controverted, nor was any exception to the venue statute relied upon by plaintiff except the provisions in the note and deed of trust as stated.

The trial was had before the judge with a jury, with the result that defendant's plea was overruled, to which exception was noted, and this appeal duly perfected.

Opinion.

Appellant assigns error to the overruling of his plea on the ground that "there is not shown by any evidence properly in the record any cause of action permitting suit in Dallas County or outside of Harris County, Texas." Then follow a number of propositions claiming error in admitting in evidence, over objection, defendant's note, no evidence having been offered of its execution; error in admitting in evidence the deed of trust over objection that its execution had not been properly proved, and had not been filed in the court; error in admitting in evidence the purported assignment to appellee Smyth from the Southland Life Insurance Company, relating to the installments of interest, the execution thereof not having been properly proved, and same not having been filed in the cause.

As said above, the domicile of the appellant Olschewske and the other parties made defendants in the suit, as being in Harris county at all times, was not controverted.

Briefly stated, the following occurred on the trial: Appellee offered in evidence the original deed of trust. Appellant objected on the ground that, the instrument not having been proved, no interest in appellee having been shown, the deed of trust being payable to the insurance company, the deed of trust is immaterial, irrelevant, and incompetent. Appellee replied that the deed of trust shows to have been acknowledged, and that it was not necessary to prove its execution. The court overruled the objection, and the instrument was admitted.

Appellee Smyth then testified: Was assistant treasurer of the Southland Life Insur-

ance Company; identified the original note evidencing the loan to appellant, and offers the note in evidence; same objections made as to the deed of trust; objections were overruled; and the original note was put in evidence. The witness, proceeding, was familiar with the loan; the installments of interest due on the dates inquired about, and involved here, had not been paid; the insurance company had paid the taxes against the property described in the deed of trust, stating the amount, evidenced by the tax receipts. Objections overruled; the tax receipts introduced.

Appellee offered in evidence an assignment from the insurance company to Smyth to the past-due installments of interest sued on and the taxes paid on the property by the insurance company.

Appellant objected on the same ground as he did to the preceding instruments, the execution not proven, the interest of appellee not shown, an effort to split a single cause of action.

The objections were overruled, and the assignment was admitted.

The witness proceeding: The insurance company paid insurance premiums in connection with this loan, stating the amount. Appellee then offered in evidence the assignment from the insurance company to appellee, stating date, as assignment to appellee of the insurance company's cause of action against appellant on account of the taxes and the insurance items testified about.

Appellant's objections were the same as above, no showing of any necessity for such payment, nor that appellant owed for them. Objections were overruled and the instrument introduced in evidence. On cross-examination the witness testified in substance:

Was an employee of the insurance company; witness did not actually pay money for the assignments. The company charged these to witness' account. These assignments are all found, and witness is not now the real owner of the interests conveyed. Witness was directed by the company to take this action as trustee for the company. Witness identified the policies as those involved in this suit. The policies were admitted in evidence.

The deed of trust recites that it is intended to secure the prompt payment of the $35,-000 note in question, the note payable to the insurance company at its office in Dallas, Dallas county, Tex.; the principal of said debt bears interest from date to maturity, and states other matters usually contained in such instruments and alleged to be contained in this, as to the payment of taxes, etc. The deed of trust is signed "Wm. H. Olschewske," and recites that the instrument is duly acknowledged by appellant before a notary public of Harris county, Tex.,

but there is no certificate of acknowledgment to the instrument in the record. The note recites that it is executed at Dallas, Tex., on June 15, 1928; it is for the sum of $35,-000, payable to the order of Southland Life Insurance Company, at its office in Dallas, Tex.; provides for interest from date, interest payable semiannually, etc. The other exhibits are as stated in the evidence.

This suit is not brought for the principal of the note but for the matured and unpaid interest, taxes, insurance, and attorney's fees on the latter items; the note is made payable to the insurance company, and the deed of trust is made to the insurance company to secure payment of the note and to perform the additional obligations incident to the debt and expressed in that instrument. Without discussing or deciding the question, we will assume that the venue of this suit is the same as would have been the venue of a suit on the principal of the note by the payee of the note, or one to whom the note had been indorsed, transferred, or assigned.

The controverting affidavit recites that this action is based upon two contracts in writing signed by appellant, both of which the controverting plea alleges are performable in Dallas county, and by the verbiage of the plea indicated that the one contract is the promissory note in the principal sum of $35,-000, and that the other contract in writing and signed by the appellee is the deed of trust from appellant to the trustee conveying the property described, expressing the intention of the grantor by the conveyance to be to secure the payment of the note, the interest, "and other appurtenant charges now represented by his one promissory note"; then follows a description of the note. The controverting plea describes the note, and further refers to the original petition for a fuller description; recites that "this action being for two installments of interest which fell due on said note on December 15th, 1931, and June 15th, 1932," and that the "said installments of interest having been assigned to this plaintiff, and being payable in Dallas County, Texas, gives this court jurisdiction over the person of said defendant."

The controverting plea then states the obligation of appellant as contained in the deed of trust, to pay all taxes, to keep the improvements insured against fire and tornado, etc., which it alleges he failed to do, and that by the terms of the deed of trust the items mentioned are made repayable in Dallas county, and, having been assigned to appellee, "this court has jurisdiction over the person of said defendant."

The assignments are material more as showing such interest in the subject-matter of the suit to be in appellee as would authorize him to sue in his own name. If it is necessary to show their execution, we think the parol evidence probably sufficient.

After a careful examination of the entire record, we have concluded that the appellee has not met the full burden of the proof required of him under his controverting plea.

It is true that the two contracts, the promissory note and the deed of trust, show on their face that they each bear the signature of the appellee, and said contracts are in evidence.

There is no proof in the record, other than the note and deed of trust, that the appellant, William H. Olschewske, executed the note or the deed of trust.

In Berry v. Pierce Petroleum Corporation, 120 Tex. 452, 39 S.W.(2d) 824, the Dallas Court of Civil Appeals, because of conflicting decisions of our appellate courts, certified to the Supreme Court the question presented here, viz.: Did Berry's plea of privilege, to which Pierce Petroleum Corporation's controverting affidavit was filed, constitute, without further pleading, a proper plea of non est factum and sworn denial of the alleged execution by Berry, of the written invoices? In answering the certified question, the Commission of Appeals, Section A, said the plea of privilege, as regards the determination of the plea, has the effect to put the plaintiff to proof, by extrinsic evidence, of the fact of the execution by defendant, or by his authority, of the said contract as alleged; and, as said by the Dallas Court in Pavlides et al. v. Bishop & Babcock Sales Co. (Tex. Civ. App.) 41 S.W.(2d) 294, thus definitely settled the doctrine that a sworn plea of privilege, without further pleading, operates as a sworn denial of the execution by the party urging the plea, or, by his authority, of a written instrument relied upon by contestant to bring the case under the exception, and casts upon him the burden of proving by extrinsic evidence the execution of the alleged instruments.

Appellee admits the rule to be as above stated, but contends that, the deed of trust having been duly acknowledged before a notary public, the note and deed of trust were admissible in evidence without further proof of their execution under article 3723 of the Statutes, which provide that "all * * * acknowledgments taken by notaries public * * * shall be received as evidence of the facts therein stated in any court of this State." Now the deed of trust obligates the appellant to perform its promises in Dallas county, and, if properly proved up, would evidence a "contract in writing" to perform at Dallas the obligation to which it relates. But the execution of the deed of trust by appellant must be proved also, and, when proved up, it then has the effect given it by the above-quoted statute. In other words, the acknowledgment of the notary public to the deed of trust does not relieve the appellee from making proof of the execution

by appellant of the deed of trust as well as of the note.

It is true that the right to be sued in the county of one's residence is a privilege that may be waived by agreement, but, when such waiver is sought to be shown by agreement, such agreement, we think, must be proved by "extrinsic evidence, of the fact of execution by the defendant." Berry v. Pierce Petroleum Corporation, 120 Tex. 452, 39 S.W.(2d) 824, 825; Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.(2d) 845.

In the last-cited case the Dallas Cooperage & Woodenware Company sued S. N. Johnson in Dallas county. Johnson resided in Webb county, and filed his plea to be sued in Webb county. The suit was founded on three separate trade acceptances which it had drawn on the partnership of Johnson and Derby; it being alleged that the partnership was composed of S. N. Johnson and G. W. Derby. The trade acceptances were each accepted by Johnson and Derby, per Derby, and provided that the amount thereof would be paid in Dallas county. Derby had died, and the suit was against Johnson as the surviving member of the partnership and in his individual capacity. On the hearing of the plea the plaintiff was permitted to offer in evidence the trade acceptances sued on over objection that no proof had been offered of their having been signed by Johnson and Derby, per Derby, or that Johnson was a member of the partnership of Johnson & Derby. The Court of Civil Appeals, among other questions, certified the question: "Were said trade acceptances properly admitted in evidence over objection that their execution had not been proved, and that it had not been shown that S. N. Johnson and G. W. Derby were partners?" Among other things, the court said, merely introducing trade acceptances, in suit thereon, was insufficient to overcome the plea, in the absence of evidence showing execution by defendant of such acceptances; also there was no effort made to show that the S. N. Johnson sued was the identical person with the Johnson mentioned in the instrument sued on.

We understand that proof of the execution to it of the note and the deed of trust, payable in Dallas county, is necessary to rebut the prima facie case authorizing transfer of the suit made by the plea of privilege, and that such proof of execution is not made by simply exhibiting in evidence the note and the deed of trust without proof, by extrinsic evidence, of the execution of either. It may be that the execution of the assignments was sufficiently shown by the evidence of appellee, if it was necessary to show the execution of such instruments.

The case is reversed and remanded, with direction that the case be transferred to the

**224**

district court of Harris county for trial on the merits.

On Rehearing.

There can be but little, if any, doubt that appellant signed the note and deed of trust upon which this suit is based. If these instruments were executed by appellant, the venue was properly laid in Dallas county, and the case should be tried there. We think the ends of justice will be best served by a remand of the case to the end that the evidence upon the controlling issue of fact may be fully developed. Sparks v. West (Tex. Civ. App.) 41 S.W.(2d) 301; Smith v. Rogers (Tex. Civ. App.) 34 S.W.(2d) 312; Brown v. Cox (Tex. Civ. App.) 53 S.W.(2d) 848, 850; Hayes v. Penney (Tex. Civ. App.) 215 S. W. 571.

Our former order reversing and rendering is set aside, and it is now ordered that the cause be reversed and remanded.