## BLACKERBY v. SEALE.
### No. 2718.

Court of Civil Appeals of Texas. Beaumont. March 27, 1935.

Rehearing Denied April 3, 1935.

B. L. Collins, of Lufkin, for appellant.

W. O. Seale, of Lufkin, for appellee.

WALKER, Chief Justice.

This suit was instituted in district court of Angelina county by appellee, W. O. Seale, against Mrs. Ruby Blackerby, a feme sole, upon a promissory note for $1,000, payable at Lufkin, Tex., and to foreclose a chattel mortgage alleged to have been executed by her and containing the following recitation: "To secure the payment of my indebtedness to W. O. Seale the same being evidenced by my note by me, Mrs. Ruby Blackerby, dated Sept. 7th, 1932, and described as follows: for the principal sum of $1,000.00 due on demand and payable to said W. O. Seale or order at Lufkin, Texas."

The appeal is from the judgment overruling appellant's plea of privilege to be sued in Polk county. The plea was in statutory form, and no point is made against the sufficiency of the controverting affidavit, which was to the effect that appellant had contracted in writing to pay the debt in the city of Lufkin, the county seat of Angelina county. There was testimony that the city of Lufkin was in Angelina county. The note and a certified copy of the chattel mortgage, both purporting to have been executed by appellant, were received in evidence; the chattel mortgage was regularly acknowledged by appellant on the day of its execution, before a notary public in and for Polk county; and the certified copy, received in evidence, contained a copy of the acknowledgment. The chattel mortgage was received in evidence over the objection that the proper predicate for its introduction had not been laid. The authorities support appellant's proposition that the plea of privilege was in effect a plea of non est factum, both as to the note and the mortgage, and the introduction of the written instruments without evidence of their execution by appellant was insufficient to support the venue in Angelina county. Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.(2d) 845; Berry v. Pierce Pet. Corp., 120 Tex. 452, 39 S.W.(2d) 824; Pavlidis v. Bishop & Babcock Sales Co. (Tex. Civ. App.) 41 S.W.(2d) 294; Ketner v. J. M. Radford Gro. Co. (Tex. Civ. App.) 299 S. W. 680; Olschewske v. Smyth (Tex. Civ. App.) 62 S. W.(2d) 220, 224. The fact that no exception was reserved to the introduction of the written instruments in Smith v. Dozier Construction Co. (Tex. Civ. App.) 66 S.W.(2d) 744, distinguishes that case from the cases cited by appellant.

Our order is that the judgment of the lower court be reversed and the cause remanded

for a new trial. This order has support in the Pavlidis and Olschewske Cases cited supra. In the Olschewske Case, in support of the order of remand, the court said: "There can be but little, if any, doubt that appellant signed the note and deed of trust upon which this suit is based. If these instruments were executed by appellant, the venue was properly laid in Dallas county, and the case should be tried there. We think the ends of justice will be best served by a remand of the case to the end that the evidence upon the controlling issue of fact may be fully developed. Sparks v. West (Tex. Civ. App.) 41 S. W.(2d) 301; Smith v. Rogers (Tex. Civ. App.) 34 S.W.(2d) 312; Brown v. Cox (Tex. Civ. App.) 53 S.W.(2d) 848, 850; Hayes v. Penney (Tex. Civ. App.) 215 S. W. 571."

O'QUINN, Justice.

I concur in the reversal and remanding of this case, not as to making or following any precedent of generally reversing and remanding causes reaching us on appeals from judgments in plea of privilege cases, but because of the equity involved in the facts, it appearing that in fact the court rightfully had jurisdiction of the cause, but, by reason of the failure to prove the execution of the instrument made the basis of the suit, the real genuineness of which was not attacked, the plea to the jurisdiction was sustained. Believing that equity and justice can best be served by remanding the case that proof of the execution may be made, I concur in such order.