## ROGERS v. DICKSON.

### No. 11075.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 23, 1941.

Joe J. Alsup and John J. Pichinson, both of Corpus Christi, for appellant.

Sam S. McMillan, of Corpus Christi, for appellee.

NORVELL, Justice.

This is an appeal from an order overruling a plea of privilege. Appellee relied upon exception 29 of Article 1995, Vernon's Ann.Civ.Stats., relating to actions for libel or slander.

Appellee has filed no brief and we therefore accept appellant's statements of the record as correct. Rule 419, Texas Rules of Civil Procedure.

Appellant contends that the controverting affidavit is insufficient. The material part thereof reads as follows: "That plaintiff (appellee) herein alleges and will undertake to prove that plaintiff's damages resulted from a defamation as fully set forth in Plaintiff's Original Petition, to which reference is here made, published by defendant within this county and within the jurisdiction of the Court, and that this plaintiff resided within the county of this suit when the cause of action arose."

The order appealed from is reversed upon authority of A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619.

The reference to the petition for the purpose of showing "that plaintiff's damages resulted from a defamation" does not meet the rule which requires that the controverting affidavit specifically set out "the fact or facts relied upon to confer venue of such cause on the court where the cause is pending." Article 2007, Vernon's Ann.Civ. Stats.

One of the venue facts under Exception 29 is that "a cause of action for libel accrued." The affidavit must contain allegation of facts under oath "entitling one to institute and maintain an action." When a reference to the allegations of a petition is relied upon to set forth a cause of action, such reference or adoption must be unequivocal and certain. It must clearly appear that the allegations of the petition relating to facts constituting the cause of action are by the reference covered and comprehended by the oath made requisite by statute. An ambiguous or limited reference is insufficient.

Reversed and rendered.