John S. LEONARD, Jr., Petitioner,

v.

Charles B. and Violet MAXWELL, Respondents.

No. A–8966.

Supreme Court of Texas.

Jan. 30, 1963.

Rehearing Denied March 20, 1963.

Long, Maroney & Aronson, Brown, Sparks & Erwin, Austin, for petitioner.

Warren McKenney, Byrd & Davis, Austin, for respondents.

GRIFFIN, Justice.

Respondents, as plaintiffs, filed their suit in the District Court of Travis County, Texas, against petitioner, as defendant, for damages resulting from being hit by an automobile driven by the defendant. In due time—March 31, 1961—defendant filed his plea of privilege in proper form, alleging that he resided in Dallas County, Texas, and asking for transfer of the cause for trial to Dallas County, Texas.

April 4, 1961, plaintiffs filed their plea controverting the defendant's plea of privilege. This controverting plea was not sworn to and contained no affidavit, and therefore did not comply with the require-

ments of Rule 86, Texas Rules of Civil Procedure. May 29, 1961, defendant filed his motion to strike the plaintiffs' controverting plea, on the ground that such plea did not conform to Rule 86, Texas Rules of Civil Procedure, and that no controverting plea had been filed within the time required by Rule 86, and in addition again asked that the case be transferred to Dallas County, Texas. Plaintiffs on the same date filed an answer to the motion to strike because said motion was in general terms only and alleged no facts justifying the striking of the controverting plea. On the same day, plaintiffs filed what they called their "first amended plea controverting plea of privilege" in the identical language of their original controverting plea, save and except the addition of language calling it their "first amended plea" and filed "with leave of the court first obtained." This amended plea had an affidavit by one of plaintiffs' attorneys and a proper jurat.

June 8, 1961, plaintiffs filed their "plea controverting plea of privilege" in the same language as their original controverting plea and also as their first amended controverting plea, except all reference to leave of the court having been first obtained and that this was an amended plea was omitted. The allegations of paragraphs 1 and 2 in all three controverting pleas were identical. This June 8th controverting plea also had appended an affidavit and jurat in all respects except as to date identical with that attached to the first amended plea.

The trial court overruled defendant's motion to strike the controverting plea, and granted plaintiffs' motion to be permitted to file a controverting plea. This order shows the court acted on same June 8th but signed it June 14th. The trial court by another order dated June 8th but signed and entered June 16th, set out the facts relied upon by plaintiffs to excuse the failure to file a proper controverting plea within the ten-day period provided by Rule 86, and found these facts showed good cause and granted plaintiffs leave to file their con-

troverting plea June 8th as was shown by the June 14th order.

Defendant on June 21, 1961, filed an answer containing exceptions to the June 8th controverting plea, and again moved to strike this plea. The grounds stated therein will be more fully discussed later in this opinion.

The trial court by its order dated June 21, 1961, but signed and entered June 27, 1961, after a hearing on the plea of privilege, overruled the same.

On appeal to the Court of Civil Appeals, the trial court's action was affirmed, one Justice dissenting. 356 S.W.2d 335.

This being a plea of privilege case, we have jurisdiction thereof under Sec. 1 of Art. 1728, Vernon's Ann. Revised Civil Statutes of Texas.

Defendant by his points of error raises the question that the various controverting pleas were not sufficient to permit the introduction of evidence on the hearing of the plea of privilege.

Omitting the opening and concluding paragraphs, all three of the controverting pleas found in the record are in identical language and read as follows:

"1. Plaintiffs deny the allegation contained in defendant's plea of privilege that no exceptions to exclusive venue in the county of one's residence provided by law exist in such case and plaintiffs say that in truth and in fact an exception to exclusive venue in the county of one's residence does exist.

"2. Plaintiffs allege that the allegations contained in their original petition on file herein are true and correct, and that plaintiffs are entitled to bring this suit in Travis County against the defendant, John S. Leonard, Jr., under Section 9a of Article 1995, Revised Civil Statutes of Texas."

The affidavits attached to the second and third controverting pleas are identical (except as to a showing that the second one is an amendment) and are as follows:

"The State of Texas:
County of Travis:

"BEFORE ME, the undersigned authority, a Notary Public in and for Travis County, Texas, on this day personally appeared WARREN P. Mc-KENNEY, to me well known to be a credible person of lawful age and qualified in all respects to make this affidavit, who, being first duly sworn, on oath says that he is attorney for Violet Maxwell and husband, Charles B. Maxwell, and that he has read the foregoing plaintiff's plea controverting plea of privilege in cause No. 121,-002, Charles B. and Violet Maxwell v. John S. Leonard, Jr., in the 98th District Court of Travis County, Texas, and knows the contents thereof, and that such instrument and every statement, allegation and denial thereof are true and correct.

                          Warren P. McKenney"
(Jurat follows)

We hold that no one of these controverting pleas is sufficient to comply with the requirements of law as to the contents of a controverting plea and its accompanying affidavit, and therefore it was error for the lower courts to overrule defendant's plea of privilege.

Art. 1995, subdivision 9a, provides:

"* * * The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:

"1. That an act or omission of negligence occurred in the county where suit was filed.

"2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

"3. That such negligence was a proximate cause of plaintiff's injuries."

A reading of the controverting pleas clearly demonstrates that no one of them alleges these necessary venue facts. Plaintiffs answer first that their reference to Subdivision 9a of Art. 1995 is a sufficient allegation. This allegation states no cause of action against anyone for any damages. At best it can only be an allegation of the statutory language and is a conclusion. In the face of an exception, as filed herein, the allegation is insufficient to permit proof of the necessary venue facts.

In discussing the requisites of a controverting plea, the court said in Jefferies v. Dunklin (1938), 131 Tex. 289, 115 S.W.2d 391:

"Under the plain terms of the above statute (Now rule 86 T.R.C.P.), the controverting plea of the plaintiffs is, and must be, a sworn pleading. Also, under the plain terms of such statutes, such controverting plea *must set out specifically the fact, or facts, relied on by the plaintiff to establish venue in the court where the case is pending*. In this connection, the statute unquestionably contemplates that the controverting plea constitutes the pleadings of the plaintiff on the issue of venue, and such plea must allege all the facts that are necessary to be proved to sustain the venue in the court where the suit is filed. The statute puts the burden on the plaintiff to plead in his controverting plea, and to prove, the facts which will sustain the venue in the court where the suit was filed. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. An examination of the controverting plea filed by the plaintiffs in this case will disclose that it neither directly nor indirectly makes the petition in such case a part thereof. Such controverting plea must therefore be tested by its own allegations, unaided in any way by the petition. Henderson Grain ·Co. v. Russ, 122 Tex. 620, 64 S.W.2d

347. When we test this controverting plea by its own terms or allegations, unaided by the petition, we find that it amounts to nothing, because it fails utterly to allege a cause of action against defendant in Tarrant county. In fact, it, unaided by the petition, is meaningless as a controverting plea or pleading." (Emphasis added.)

In the case of Henderson Grain Co. v. Russ (1933), 122 Tex. 620, 64 S.W.2d 347, this court held a controverting affidavit insufficient, even though it specifically pleaded reliance upon Sections 4 and 9 of then Art. 1995, Revised Civil Statutes to maintain venue in the county where the suit was filed. Also, the plaintiff in his controverting affidavit alleged that he delivered the grain ("mentioned and described in their petition, to which reference is here made"), for conversion of which the suit was brought in Carson County, Texas, to one of the defendants in Carson County, Texas.

This court said that the controverting affidavit nowhere makes the petition a part thereof, and therefore the allegations of the controverting affidavit must be tested by its own allegations "unaided by the petition." The controverting affidavit was held insufficient.

In A. H. Belo Corp. v. Blanton (1939), 133 Tex. 391, 129 S.W.2d 619, this court held insufficient to permit introduction of testimony the following allegation of a controverting plea:

" ' " * * * this is a civil libel suit * * * as set forth and pleaded in plaintiff's original petition, which for the purpose of showing that this is a civil libel suit is referred to and made a part of this controverting affidavit." ' "

The Court also said:

"In other words, it is necessary, in order to comply with Article 2007, that the *plaintiff in his controverting affidavit to such plea of privilege must al-*

*lege, either in the controverting affidavit or by a specific reference to and adoption of allegations in his petition,* sufficient facts as venue facts upon which the alleged cause of action is sought to be maintained." (Emphasis added).

See also: C. F. Lytle Co. v. Preston et al. (1943, Tex.Civ.App.), 175 S.W.2d 440; McDonald, Texas Civil Practice, Vol. 1, pp. 447–450; 43B Tex.Jur. pp. 307 and 320, Sec. 118 and Sec. 125, and authorities therein cited.

Plaintiffs say that since the amendment of the Rules of Civil Procedure in 1941, a more liberal construction should be given to allegations in a controverting plea. Had the defendant not excepted to the allegations of the controverting affidavit, nor objected to the introduction of evidence to show the necessary venue facts, he could not now be heard to complain of the contents of the controverting affidavit. Defendant did protect his points in both courts below and is urging them here.

A study of the case of Buchanan v. Jean, 1943, 141 Tex. 401, 172 S.W.2d 688, shows that the same strict rule regarding the allegations which must be contained in a controverting affidavit prior to the adoption of the "new rules" in 1941 is now in effect.

Buchanan v. Jean (1943), Tex.Civ.App., reported in 174 S.W.2d 98, was an appeal from the judgment of the trial court overruling defendant Buchanan's plea of privilege. The controverting affidavit of plaintiff Jean alleged in part:

"That plaintiff had filed a petition herein alleging that the defendant coming from the south and going north crossed over and left said highway on the left side of said highway and ran into and collided with plaintiff's car herein in Ellis County, Texas, and that said acts in so driving said automobile by the defendant is in contravention of Article 801, Penal Code, Section B, and is a violation of the law, and is a crime

or trespass as defined in Article 1995, Vernon's Annotated Civil Statutes, Section 9, which would entitle said plaintiff to sue said defendant in Ellis County, Texas, where said accident occurred. The said plaintiff further alleges that said accident did occur in said Ellis County, the county wherein said suit was brought. Plaintiff would respectfully show herein that said suit should be maintained in Ellis County, Texas, the county in which said suit was brought, and for such others (sic) herein as may be proper and necessary."

The Court of Civil Appeals by a majority said: "It is obvious that the controverting affidavit, as originally filed, was insufficient in substance under the above decisions * * *." The decisions referred to were Jefferies v. Dunklin, supra; Compton v. Elliott, supra; Henderson Grain Co. v. Russ, supra, and A. H. Belo Corp. v. Blanton, supra. The court proceeded to say: "Under the liberality provided by the new rules we think the allegations in the amended controverting plea are sufficient * *," and affirmed the judgment of the trial court. One Judge dissented on the ground that Rules 86 and 87, Texas Revised Civil Procedure, should be given the same construction that Articles 2007 and 2008, Revised Civil Statutes (which were replaced by Rules 86 and 87) had been given by the cases last above referred to.

By virtue of the dissent, the Court of Civil Appeals certified the case to the Supreme Court. Some of the questions certified raised the correctness of majority holding on the sufficiency of the controverting affidavit.

This Court in the case of Buchanan v. Jean (1943), 141 Tex. 401, 172 S.W.2d 688, reversed the Court of Civil Appeals. Among other things the Court said: "It will be noted that the controverting affidavit does not set out a cause of action sustaining venue in Ellis County, as was held necessary in Jefferies v. Dunklin, 131 Tex. 289,

115 S.W.2d 391; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; City of Mineral Wells v. McDonald, Tex.Sup. [141 Tex. 113] 170 S.W.2d 466; A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619, par. 5."

Citing some of the above authorities, the Court in another part of its opinion said that it was clear that the original controverting affidavit was insufficient. Plaintiff had amended the original affidavit by interlining, with permission of the trial court, language making "full reference" to his petition and "makes same a part hereof as though fully copied herein with all of its allegations in toto," but did not swear to the amended plea. The court said:

"But if it be conceded that it was permissible to interline the amendment in the previously filed pleadings, it will be noted that the reference to the original petition does not evidence a clear intention to swear to the truth of all of the facts set out therein. See in this connection First National Bank v. Jaggers, Tex.Civ.App., 67 S.W.2d 924, par. 1; Rogers v. Dickson, Tex.Civ. App., 157 S.W.2d 404, par. 2; Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347, par. 2; A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619, par. 5."

For other cases applying the same tests to a controverting affidavit see Robinson v. Glasse et al. (1945), Tex.Civ.App., 188 S.W.2d 598(3), no writ history; Fair v. Mayfield Grain Co., (1947) Tex.Civ.App., 203 S.W.2d 801(4), no writ history; Anderson v. Southwestern Presbyterian Home, etc. (1952), Tex.Civ.App., 248 S.W.2d 775 (6, 7), writ dismissed w. o. j.

It is clear that the plaintiffs' controverting plea and affidavit make no specific reference to the necessary venue facts to sustain venue in Travis County, Texas. Neither is plaintiffs' petition incorporated in the controverting plea either by reference or adoption. The only allegation is "that

the allegations contained in their original petition on file herein are true and correct, * * *." The further allegation that plaintiffs are entitled to bring their suit in Travis County under Sec. 9a of Art. 1995, Vernon's Ann. Revised Civil Statutes of Texas, is a pure conclusion and no facts are set forth to sustain this conclusion.

The defects in plaintiffs' controverting plea were pointed out by defendant prior to the court's action on the plea of privilege. First by motion filed May 29, 1961, stating that the controverting plea "did not conform to Rule 86, Rules of Civil Procedure and is fatally defective." It was in answer to this that plaintiffs filed their first amended controverting plea and for the first time attached a sworn affidavit to such plea. Later, June 21, 1961, defendant filed an answer to the June 8th controverting plea, and moved to strike. This pleading by exception pointed out that plaintiffs' controverting plea did not specifically allege the venue facts necessary to establish venue in Travis County; that the petition is not adopted nor incorporated in the controverting plea; that plaintiffs are not entitled to introduce evidence of venue facts; that the plaintiffs' verification attached to the controverting plea "is not a clear and unequivocal swearing to plaintiffs' original petition, as such original petition was not either adopted and/or incorporated into the body of plaintiffs' plea controverting plea of privilege as filed herein on the 8th day of June, 1961, and that this is a mere verification of the allegations as set out in plaintiffs' plea controverting plea of privilege, and does not swear or verify as to the accuracy of plaintiffs' original petition."

On the hearing of the plea of privilege, the defendant made proper objection to the introduction by plaintiffs of any evidence of venue facts sufficient to maintain the suit in Travis County.

Our holding as above set out makes it unnecessary to pass on the other points of error urged by the defendant. We do not pass on them, but expressly reserve them

until they may be controlling in the decision of a cause.

Judgments of the Court of Civil Appeals and the trial court are reversed and the cause is remanded to the District Court with instructions to enter an order transferring the cause to Dallas County, Texas, for a trial on the merits.

NORVELL, Justice (dissenting).

Despite some procedural irregularities with reference to plaintiff's statement of his venue facts, the trial judge apparently had no difficulty in recognizing this as an exception 9a venue case. While he was not required to do so under our Rules of Civil Procedure, the judge filed findings of fact and conclusions of law. He found that on October 17, 1960, the defendant, John S. Leonard, Jr. was operating his automobile "at a greater rate of speed than a person of ordinary care and prudence would have operated it under the same or similar circumstances which was negligence and a proximate cause of (plaintiff) Violet Maxwell's injuries." The judge also found that the defendant was guilty of negligence in three additional particulars which were likewise proximate causes of Mrs. Maxwell's injuries. These findings are not attacked and so far as the substantive law is concerned it would be difficult to say that the Maxwells were not entitled to maintain their action in Travis County, Texas, where their petition was filed. Article 1995, § 9a, Vernon's Ann.Tex.Stats.

But, we have procedural difficulties. I doubt if any member of this Court believes that, as a matter of substance, the plaintiffs are not clearly entitled to maintain their action in Travis County. What concerns the Court is the effect the decision in the case will have as a precedent. Upon occasion, the failure to observe procedural niceties may result in judicial inaccuracy.

In this case, however, I think our course is settled by prior decisions and my disagreement with the opinion of the Court stems from two sources. I do not agree with the Court's approach to and analysis of the case, and I do not believe the Court has given the proper weight and consideration to the decisions of the Courts of Civil Appeals in this particular field of the law. Except for the exceptions set out in paragraphs 1 and 2 of Article 1728, the decision of the Courts of Civil Appeals are final in plea of privilege cases. Venue in this state, (as well as others—49 Mich.Law Review 307) has proved a troublesome problem. A survey made by the State Bar Committee on Administration of Justice in 1953 indicated that the full time of one Court of Civil Appeals would be required to dispose of venue appeals under Article 1995, that is, one out of every eleven appealed cases involved a plea of privilege. While a survey of the work of the Courts of Civil Appeals for the years 1951–1958 made by the Texas Civil Judicial Council, 38 Tex.Law Review 725, indicates some improvement, the situation is far from satisfactory. We should not enter this field as a bull in a china shop, overturning decisions of the Courts of Civil Appeals, unless there is a reasonable certainty that we are deciding conflicts in the furtherance of order rather than merely creating more confusion.

The first question which should be explicitly decided by this Court is one upon which there is a clear conflict of decisions between the Eastland Court of Civil Appeals in Brashears v. Strawn National Bank, 57 S.W.2d 177 [1] and the Austin Court of Civil Appeals in this case.

The original controverting plea filed in this case which was the only one filed within the ten-day period prescribed by Rule 86 was not made under oath as required by said rule. No change as to the requirement that a controverting plea be made under

1. The Civil Appeals cases cited herein are for the most part venue cases. Unless otherwise indicated no application for mandamus or writ of error was made to the Supreme Court.

oath was effected by adopting Rule No. 86 to take the place of Article 2007 from which the rule was taken. In Brashears v. Strawn it was held that:

"Giving full recognition to the fact that a controverting plea may, under certain circumstances, be amended, it is none the less true that the filing of such a plea, not supported by affidavit, does not raise an issue of venue. A plea lacking in the essential fact of verification is simply without effect. If the controverting affidavit is insufficient and the plea of privilege be not waived, the court acquires no jurisdiction of the person of the defendant except to transfer the case." [2]

The basis of this holding is that under Article 2007 (now Rule 86) when a proper plea of privilege had been filed and not controverted within the time prescribed by law, the party filing the plea had the right to have the case transferred to the county of his residence and the court was without authority to do anything in the case other than to order a transfer. An unsworn plea was a nullity and hence the rule above became operative.

In the present case the Court of Civil Appeals has held that an unsworn plea may be amended and that the pleas subsequently filed were in effect amendments to the controverting plea filed within the ten-day period prescribed by the rules.[3] The unsworn plea was not regarded as a nullity and the amendments thereto were held to be effective.

This Court is now seemingly in accord with the liberal view expressed by the Court of Civil Appeals that an unsworn plea is not a nullity but subject to amendment.

While I do not believe the Brashears case can be reconciled with the holding of the majority of the Court of Civil Appeals in this case, I would concur in a holding that any controverting plea, no matter how defective and whether sworn to or not, is subject to amendment so long as it may be ascertained from the wording of the plea that the plaintiff is asserting a right to maintain the suit where the same had been filed. Much of the swearing required by our rules relating to pleas of privilege is somewhat incongruous. A lawyer may and usually does swear to the plea of privilege and the opposing lawyer swears to the controverting plea. They both swear to the truth of legal propositions and conclusions and to the existence of facts about which they have no personal knowledge. I am rather forced to the conclusion that the legal requisite of an oath is somewhat formal in nature and I would not regard a defective oath or even the absence of an oath as some special type of defect which is beyond the scope of an amendment.

But having accepted the Court's holding that the controverting plea is amendable, I cannot concur in the further holding that this cause must be transferred to Dallas County. Assuming for the moment that the amended plea was defective and that the answer and motion to strike (containing two special exceptions to the plea) [4] should have been sustained, then the proper order would be one remanding the case to the trial court with an opportunity to amend. A controverting plea is a pleading and comprehended by Rule 63. The rules set forth

2. Upon authority of this case it is stated in McDonald, Texas Civil Practice, § 4.50 that:
   "The rules (allowing amendment) are subject, however, to an important proviso: if the plaintiff files a purported controverting plea which contains no affidavit, it is a nullity and may not be amended." Compare, Farmer v. Cassity, Tex.Civ.App., 252 S.W.2d 788 in which the affidavit to the plea failed to show the jurat and signature of the officer administering the oath.

3. Article 2007 prescribed five days. Rule 86 now allows ten days in which to file a controverting plea.

4. These special exceptions are set forth in the dissenting opinion in the Court of Civil Appeals, 356 S.W.2d 335.

in Caperton v. Thorpe, Tex.Civ.App., 240 S.W.2d 329, no wr. hist., and supported by the authorities therein cited, have application here. On this point I am in agreement with the majority of the Court of Civil Appeals. I would, however, call attention to two cases directly involving defective controverting pleas which this Court, in its opinion, has failed to notice, although they are directly in point and express holdings contrary to that contained in the Court's opinion. In the interest of clarity of the statement of the law for the benefit of the practicing lawyer, these cases and others expressing similar holdings, should be considered and dealt with.

This Court has held in effect that the trial court erroneously overruled the defendants' motion to strike and the exceptions therein contained. Its order of rendition is contrary to the practice followed in Texas Acceptance Corporation v. Strickland, Tex.Civ.App., 91 S.W.2d 1179 and Bramblett v. Roby State Bank, Tex.Civ. App., 67 S.W.2d 450. The Strickland case involved a general demurrer which would be analogous to a motion to strike because of a failure to set up a good defense to the plea of privilege. The Bramblett case involved special exceptions. In both cases the trial court had overruled the demurrer and exceptions. This was held to be error by the Court of Civil Appeals. In other words, the appellate court sustained the demurrer in *Strickland* and the special exceptions in *Bramblett*. The plaintiff's right to amend was, however, recognized. In *Strickland* the order was:

"For the error of the court in overruling the demurrer to appellee's controverting affidavit, the cause is reversed and remanded, with directions to tranfer the cause to a district court of Harris county, Tex., *unless appellee shall forthwith amend his plea* 'setting out specifically the facts relied upon to confer venue' on the district court of Cameron county."

In *Bramblett* it was said:

"The evidence, we think, was sufficient to sustain the venue in Fisher county had the controverting pleas been sufficient. Instead of directing a transfer of the case, we will reverse and remand, with direction that, unless the pleas are so amended to state the facts showing that a trespass had been committed, and upon another trial evidence is produced to sustain that issue, the case be transferred to the county court of Taylor county. See Cassidy-Southwestern Commission Co. v. Chupick Bros. (Tex.Civ.App.) 225 S.W. 215; Hayes v. Penney (Tex.Civ.App.) 215 S.W. 571; Texas & P. Ry. Co. v. Mangum, 68 Tex. 342, 4 S.W. 617; Smith v. Rogers (Tex.Civ.App.) 34 S.W.(2d) 312; Meadows & Co. v. Turner (Tex. Civ.App.) 270 S.W. 899; Fears v. Fish (Tex.Civ.App.) 218 S.W. 507; Mueller-Huber Grain Co. v. Heid Bros. (Tex.Civ.App.) 58 S.W.(2d) 198; Olschewske v. Smyth (Tex.Civ.App.) 62 S.W.(2d) 220; Sparks v. West (Tex. Civ.App.) 41 S.W.(2d) 301; Brown v. Cox (Tex.Civ.App.) 53 S.W.(2d) 848; Randals v. Green (Tex.Civ.App.) 258 S.W. 528; Scott v. Clark (Tex.Civ. App.) 38 S.W.(2d) 382."

See also, McDonald, Texas Civil Practice, § 4.50. The special exception has an important function to serve in the plea of privilege practice. American Casualty & Life Co. v. Robinson, Tex.Civ.App., 220 S.W.2d 204; Tolson v. Carroll, 313 S.W.2d 131; McDonald, Texas Civil Practice, § 4.49.

There is one other consideration which needs to be discussed and this relates to the doctrine of harmless error under Rule 503 relating to the Supreme Court which provides that "no judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that an error of law has been committed by the trial court in the course of the trial, unless the appellate court

shall be of the opinion that the error complained of amounted to such a denial of the rights of the petitioner as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, * * *."

Both the Strickland and Bramblett cases were decided prior to the adoption of the 1941 Rules of Procedure. Under the rule of Golden v. Odiorne, 112 Tex. 544, 249 S. W. 822, the harmless error rule (old rule 62a) was held inapplicable to errors which involved violations of procedural statutes. This was the type of error involved in both *Strickland* and *Bramblett* and hence we find no discussion relating to harmless error. While ordinarily the construction of a rule taken from a statute will be given the same construction as that placed upon the statute from which the rule is taken, the effect of repealing the procedural statutes and replacing them with court promulgated rules was to place all rules upon a parity and remove the prior existing statutory domination over court made rules. Hence when two rules constitute a part of the same set of rules they necessarily must be read together. Rule 86 must be construed in connection with Rule 503 just as it was held that Rule 295 must be construed with Rule 434 in Denbow v. Standard Accident Insurance Co., 143 Tex. 455, 186 S.W.2d 236. See, Robert W. Calvert, "The Development of the Doctrine of Harmless Error in Texas", 31 Tex.Law Review 1. Rulings on special exceptions are within the ambit of Rules 434, relating to the Courts of Civil Appeals and 503 relating to the Supreme Court. 4 Tex.Jur. 562, § 940.

In this case, the affidavit to the amended controverting plea effectively covered the allegations contained in the petition. In other words, the affiant swore that the allegations contained in the original petition were true and correct. The petition set forth a cause of action for injuries sustained by Mrs. Maxwell proximately caused by the negligence of the defendant Leonard. The controverting plea designated the venue exception relied upon, that is, Article

1995, § 9a. If the allegations of the petition were not true, the statement of affiant was definite enough to have rendered him liable for a prosecution for perjury.

The failure of the affidavit to clearly cover the allegations of the petition seems to be the primary basis of the decisions in Jefferies v. Dunklin, 131 Tex. 289, 115 S.W. 2d 391; Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347 and A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619. See also, McDonald, Texas Civil Practice, § 4.49. In the Belo case, supra, it rather clearly appears that the pleader was of the opinion that the *nature of the suit* rather than the factual existence of a libel was the *venue fact* involved and hence there was no unequivocal statement that the allegations of the petition were true and correct.

The defect then rather boils down to nothing more than this: Although the plea referred to the petition, and it was stated under oath that the allegations therein were correct and the venue exception relied upon was designated, the plea did not employ the magic words, "which (referring to the petition) is hereby adopted and made part hereof."

To my mind what was said in the plea comes close to an indirect or inferential adoption of the petition as a part of the plea. Jefferies v. Dunklin, supra. When the hearing was held, the parties litigant, as well as the judge, knew the issues involved i. e., the venue facts—and evidence in accordance with such issues was introduced and considered. The fact that the trial judge did not pause in the course of the hearing and allow the plaintiffs to interline the words "hereby adopted and made part hereof" neither misled anyone nor prejudiced the rights of any litigant. It was patently harmless even though the plea without such words did not strictly comply with the requirements of Rule 86. By analogy, the rule of Denbow v. Standard Accident Insurance Co., 143 Tex. 455, 186 S.W.2d 236 is strictly applicable here. And

should it be urged that a holding supporting that of the Court of Civil Appeals should tend toward a liberality which would perhaps permit careless pleading, I would point out that in the particular before us, the choice between the hypertechnical and the liberal viewpoint was made by this Court many years ago—by the adoption of Rule 503, and the decision in the Denbow case.

I would affirm the judgment of the Court of Civil Appeals.

GREENHILL and STEAKLEY, JJ., join in this dissent.

