**DARR EQUIPMENT COMPANY, Appellant,**

v.

**GEORGE P. BANE, INC., Appellee.**

No. 166.

Court of Civil Appeals of Texas.

Tyler.

Oct. 21, 1965.

W. Richard Davis, Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellant.

R. L. Whitehead, Longview, for appellee.

SELLERS, Justice.

The plaintiff, George P. Bane, Incorporated, brought this suit to recover damages from Caterpillar Tractor Company and Darr Equipment Company, a Corporation. The nature of this plaintiff's suit, as set out in paragraphs 1, 2, and 3 of its original petition, is as follows:

"The Plaintiff is a Texas corporation. The Darr Equipment Company is a corporation organized under the laws of the State of Texas or some other state unknown to the Plaintiff, but well known to the Defendant. The Caterpillar Tractor Company is an Illinois corporation. On or about May 31, 1963, the Plaintiff purchased through the Defendant, Darr Equipment Company, who are the agents and distributors for the Caterpillar Tractor Company, two (2) D8H Caterpillar Tractors for a total payment of approximately One hundred twenty thousand ($120,000) Dollars. This equipment was to be used for the purpose of removing trees and dirt on the McGee Bend job in Jasper and other counties in southeast Texas.

"The Defendants well _new the purpose for which the equipment was to be used and warranted said equipment to be suitable for the purpose for which it was intended. On or about June 1, 1963, the tractors commenced to overheat and from June 1 through December 1 the tractors were used approximately twenty eight hundred

(2,800) hours and lost production during this period due to overheating was seven hundred fifty (750) hours to the Plaintiff's damage in the sum of Twenty two thousand five hundred ($22,500) Dollars.

"Had said tractors been suitable for the purpose for which they were intended all work necessary to be done with them would have been completed by December 1, 1963 but due to the defective operation of the tractors the work was not completed until March 1, 1964 during which period the D8H tractors were in service approximately four hundred seventy five (475) hours resulting in a loss of wages to the corporation from the crew being idle because the weather would not permit everyday work to the Plaintiff's damage in the sum of Fourteen thousand two hundred fifty ($14,250) Dollars."

The defendant, Darr Equipment Company, filed its Plea of Privilege to be sued in Dallas County, Texas, county of its residence. The plaintiff filed its Controverting Plea to defendant Darr Equipment Company's Plea of Privilege to be sued in Dallas County, Texas, in which plaintiff alleges as follows:

"Plaintiff denies and here avers to be untrue and false, the following allegation of Defendant contained in such plea of privilege: That no exception to exclusive venue in the county of one's residence, provided by law, exists in said cause.

"Plaintiff was, and has been at all times germane to this suit, a resident of Longview, Gregg County, Texas. Defendant has had, at all times germane to this suit, an agent or representative in Gregg County, Texas.

"On or about the 31st day of May, 1963, Defendant, Darr Equipment Company, through its agent located in Gladewater, Texas, entered into a contract in Gladewater, Texas with the International Equipment Leasing Corporation. Said contract was for the purchase of two D–8 Caterpillar Tractors, to be leased by Plaintiff, George Bane, Incorporated. The caterpillar tractors were at the time of entering into the aforementioned contract, and are now unfit for the purpose for which they were intended, to Plaintiff's damage in excess of One Hundred thousand ($100,000) Dollars."

■ It will be observed that the Controverting Plea makes no reference to plaintiff's original petition as being a part of the controverting plea; and for this reason, the original petition cannot be looked to in order to aid the allegations contained in the Controverting Plea. Leonard, Jr. v. Maxwell, Tex., 365 S.W.2d 340.

The Controverting Plea does not set out which section of Article 1995 the plaintiff relies on to retain venue in Gregg County, although in his brief he admits that he relies on Section 23 of said article.

■ This Court has held in an opinion by Chief Justice Dunagan, Admiral Motor Hotel of Texas, Inc. v. Community Inns of America, Inc., Tex.Civ.App., 389 S.W.2d 694, that the burden under this section is upon the plaintiff to allege a cause of action against the defendant and that the defendant had an agent in the county where the venue is sought to be retained. The allegation that the defendant has an agent in Gregg County alone will not suffice. The plaintiff must go further and allege a cause of action by plaintiff against the defendant which, as we interpret the Controverting Plea standing alone, the plaintiff has wholly failed to do.

We take this statement from appellant's brief, which points up the weakness of the allegations in the Controverting Plea:

"No contract between Appellant and Appellee is pled; no breach of any contract between Appellee and Appellant is pled; no warranty between Appellant and Ap-

pellee is pled; no allegations as to when or where a contract was made; no allegations as to where any contract was to be performed or by whom; no allegations that Appellant knew '* * * the purpose for which they were intended * *'; no allegations of warranty or representations whatever running between Appellant and Appellee."

The judgment of the trial court is reversed and the cause ordered transferred to Dallas County.