Jack BURNEY, Appellant,

v.

B. L. WINFREY et ux., Appellees.

No. 3689.

Court of Civil Appeals of Texas.

Waco.

Oct. 29, 1959.

Rehearing Denied Dec. 2, 1959.

Dunnam & Dunnam, Waco, for appellant.

H. J. Cureton, Jr., Meridian, Cureton & Lanham, Waco, for appellees.

TIREY, Justice.

The appellant has perfected his appeal from an order overruling his plea of privilege to be sued in the District Court of Scurry County, Texas, the county of his residence. There was no request for findings of fact and conclusions of law, and none filed. The judgment is assailed on two points, they are substantially that the Court erred: (1) In overruling defendant's plea of privilege; (2) In admitting in evidence testimony that Ruby Lee Winfrey was the wife of B. L. Winfrey over defendant's objection that same was outside the pleadings.

A statement is necessary. The appellees' original petition shows that suit was brought in behalf of himself and his wife against defendant for negligent acts on the part of defendant occurring in Bosque County which they alleged to be the proximate cause of the injuries and damages sustained by plaintiff's wife, Ruby Lee Winfrey.

Plaintiff, Winfrey, seasonably filed his controverting affidavit to defendant's plea of privilege, and in this controverting affidavit he repeats substantially the allegations of negligence in his original petition which he alleged resulted in the injuries sustained by Ruby Lee Winfrey, but he did not specifically allege in his controverting affidavit that Ruby Lee Winfrey is his wife, nor did he adopt the allegations of his original petition. Since the controverting affidavit did not adopt the original petition, nor attach a copy of it to the controverting plea the affidavit must be tested by its own allegations unaided by the plaintiffs' original petition. See Kerin v. Jones, Tex.Civ.App., 185 S.W.2d 448, Points 1 to 5. The defendant did not file any exceptions to the controverting affidavit. It is true that defendant filed the following motion:

"Immediately prior to announcement on the issues of venue as raised by

the Plea of Privilege of the defendant, Jack Burney, comes the defendant and respectfully moves the court that his Plea of Privilege be sustained and that this cause be transferred to the District Court of Scurry County, Texas, the county in which this defendant has his domicile, for the reason and on the ground that the plaintiff, Ruby Lee Winfrey, did not within the time permitted by law controvert this defendant's Plea of Privilege.

"Wherefore, defendant prays that the cause be ordered transferred to the District Court of Scurry County, Texas."

■ When defendant presented the foregoing motion the following proceedings occurred:

"Mr. Cureton: (counsel for appellee) As to her I would say that is correct. He does not make any motion as to him. We can dismiss as to her.

"The Court: I will dismiss as to her.

"Mr. Dunnam: I would like to object to any evidence pertaining to this lady in the lawsuit, Mrs. Ruby Winfrey, relating to any of her injuries or damages, for the reason that no controverting plea was filed by her, and for the further reason that any testimony relating to her injuries is not raised by the pleadings, and if you will give me a full bill I will not object each time.

"The Court: Yes. That covers all the evidence?"

As we understand appellant's position here it is to the effect that since Mrs. Winfrey was dismissed from the suit, and since her husband did not specifically allege in the controverting affidavit that Ruby Lee Winfrey was his wife, that it was improper over his objection to admit any evidence concerning Mrs. Winfrey and her injuries, because there was no allegation of any fact in the controverting plea filed by her husband showing any legal relationship between them which would vest the cause of action for her injuries in the plaintiff, B. L. Winfrey. Going back to appellant's objection we find that it is couched in very general terms and does not specifically point out the real basis of the objection which was that the controverting affidavit did not specifically allege that Ruby Lee Winfrey was the wife of the plaintiff. Our view is that if the controverting affidavit was in anywise defective or insufficient to authorize the Court to permit the introduction of testimony by appellees to the effect that Mrs. Winfrey was his wife that such defect or insufficiency was waived by failure of appellant to bring same to the attention of the trial judge in the manner required by Rule 90, Texas Rules of Civil Procedure. See Brooks Supply Co. v. First National Bank in Glen Rose, Tex.Civ.App., 242 S.W. 2d 956, point 1, and authorities there cited. See also Dillingham v. Associated Employers Lloyds, Tex.Civ.App., 233 S.W.2d 191. Our view is that the objection did not specifically point out to the Court the real basis of the objection. See also O'Neal v. Texas Bank & Trust Co. of Sweetwater, 118 Tex. 133, 11 S.W.2d 791 (Com. of Appls. adopted).

But if we are mistaken in the foregoing view we think appellant waived the objection he made for the following reason: The record shows that the appellant was placed on the witness stand by plaintiff. On cross-examination by appellant's counsel, Mr. Burney testified in part:

"Q. Did Mr. Winfrey tell you after the accident that he had told his wife to stay out of the barn? A. He certainly did."

Since the appellant did not point out by written exception the defect in the plaintiffs' controverting affidavit as he should have done under Rule 90 aforesaid, nor the real basis in his oral objection to the testimony tendered, and since his counsel proved by appellant on cross-examination that Ruby Lee Winfrey was the wife of the plaintiff, we think that the issue was tried

by implied consent as provided for in Rule 67, TRCP. That Rule provides in part:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." * * *

See Buchanan v. Jean, 141 Tex. 401, 172 S.W.2d 688; Rule 1, TRCP.; Punch v. Gerlach, 153 Tex. 39, 263 S.W.2d 770. Moreover, appellee grounded his cause of action on the negligence of the defendant which he alleged occurred in Bosque County, Texas, and which proximately resulted in the injuries to his wife, and sought to hold venue in Bosque County under exception 9a of Article 1955, Revised Civil Statutes, Vernon's Ann.Civ.St. art. 1995. Said subdivision 9a was enacted by our 53rd Legislature, Acts of 1953, p. 390, Chapter 107, § 2, and it in effect provides:

"A suit based upon negligence per se, negligence as common law or any form of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred or in the county where the defendant has his domicile. The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:

"1. That an act or omission of negligence occurred in the county where suit was filed.

"2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

"3. That such negligence was a proximate cause of plaintiff's injuries."

We have carefully considered the controverting affidavit and we think it alleges fully the venue facts as provided in the foregoing article; that is to say, the controverting affidavit specifically sets out the negligence of the defendant that such negligence occurred in Bosque County where the suit was filed; that the acts of negligence were those of the defendant in person, and that such negligence was a proximate cause of the injuries.

Our Supreme Court, in Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, 515, 141 A.L.R. 50, specifically held: "In the absence of special exception the petition will be liberally construed in the pleader's favor and to support the judgment." Points 1 and 2. This Court, in Tolson v. Carroll, 313 S.W.2d 131 (N.W.H.), specifically held that the foregoing Rule applies with equal force to pleadings involved in a plea of privilege. Since appellant put in evidence the testimony that Ruby Lee Winfrey was the wife of B. L. Winfrey, his point 2 is without merit and is overruled.

Accordingly appellant's Points 1 and 2 are each overruled, and the judgment of the Trial Court is affirmed.

WILSON, J., not participating.