REPUBLIC BANKERS LIFE INSURANCE COMPANY, Appellant,

v.

Burke A. McCOOL et ux., Appellees.

No. 424.

Court of Civil Appeals of Texas.

Tyler.

April 24, 1969.

Stanley S. Crooks, Dallas, for appellant.

Artie P. Stephens, Sulphur Springs, for appellees.

MOORE, Justice.

This is a venue case.

Plaintiffs, Burke A. McCool and wife, Willie McCool, sued defendant, Republic Bankers Life Insurance Company, for benefits alleged to be due under a policy of hospitalization insurance issued by the defendant.

The defendant insurance company filed a plea of privilege in statutory form to be sued in Dallas County, the county of its residence.

Plaintiffs replied with a controverting affidavit. Omitting formal parts, it reads as follows:

"Burke A. McCool and wife, Willie McCool, plaintiffs in the above entitled and numbered cause, respectfully make and file this plea controverting the plea of privilege of defendant Republic Bankers Life Insurance Company, a corporation, filed herein on the October 25, 1968, and represents:

"Plaintiffs deny, and here aver to be untrue, false and incorrect, the following allegations of defendant contained in such plea of privilege: That no exception to exclusive venue in the county of the defendant's residence, provided by law, exists in this cause, and in this respect plaintiffs represent unto the Court that, as alleged in plaintiffs' original petition filed herein, plaintiffs are and were at said time, and at time of hospitalization alleged in said petition, residents of Hopkins County, Texas, where said hospitalization existed, and it is a fundamental rule of law that a suit for hospital insurance benefits may be brought in the county of the loss, where the hospitalization occurred, as well as in the county of the insured's residence, and venue would rest accordingly, as is outlined in opinion of the court in the case of American Sec. Life Insurance Co. vs. M. D. Anderson Hospital [Tex. Civ.App.], 408 S.W.(2nd) 155, and many other cases by the Texas courts."

Defendant timely excepted to the controverting affidavit, pointing out that no venue facts were alleged; that the petition was not adopted or incorporated in the controverting plea; that the allegations set

forth therein amounted to nothing more than legal conclusions and that the same was insufficient in that it failed to allege a cause of action as required by Rule 86, Texas Rules of Civil Procedure. Defendant further moved that the controverting plea be stricken and that the cause be transferred to Dallas County upon the pleadings. The trial court overruled defendant's exceptions and motion to transfer and proceeded to trial upon the plea of privilege.

After a hearing before the court without a jury, the trial court entered an order overruling the plea of privilege to which action the defendant excepted and duly perfected this appeal.

By the first two points of error, defendant contends that plaintiffs' controverting plea was insufficient as a matter of law and that the trial court erred in overruling its motion to strike the plea, as well as its motion for judgment on the pleadings, and in refusing to transfer the cause to Dallas County.

Plaintiffs seek to uphold the judgment on the ground that the controverting plea was sufficient to establish a cause of action in Hopkins County under Subdivision 28 of Article 1995, Vernon's Ann.Tex.Civ. St., which reads, in part, as follows:

> "Insurance.—* * * Suits on policies may be brought against any life insurance company, or accident insurance company, or life and accident, or health and accident, or life, health and accident insurance company, in the county where the home office of such company is located, or in the county where loss has occurred or where the policyholder or beneficiary instituting such suit resides."

■ Since the controverting plea neither directly nor indirectly makes the petition a part thereof, it must be tested by its own allegations, unaided in any way by the petition. Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347; Leonard v. Maxwell, Tex., 365 S.W.2d 340.

■ It is apparent, we think, that the controverting plea, when tested by its own allegations, fails to state a cause of action. It was therefore insufficient to support proof of the necessary venue facts. Rule 90, T.R.C.P.; A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619; Jefferies v. Dunklin, 131 Tex. 289, 115 S. W.2d 391; National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021; Pan American Insurance Company v. White, (Tex.Civ. App.) 321 S.W.2d 337; Leonard v. Maxwell, supra. Upon plaintiffs' failure to amend, we think the trial court should have sustained the defendant's exception and transferred the cause to Dallas County upon the basis of the pleadings. However, we do not believe the error calls for a reversal, because we think the defendant subsequently waived its exceptions to the pleadings and thereby waived its right to complain of the trial court's ruling for the following reasons.

Under the provisions of Rule 67, T.R.C. P., it is specifically provided that:

> "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. * * *"

■■ While defendant has briefed several points of error asserting that the trial court erred in overruling its objections to the evidence offered by the plaintiffs, the record is before us without a statement of facts. Without the statement of facts, we are unable to determine whether defendant made any objection to the testimony or not. In rendering judgment for the plaintiffs, the court impliedly found that no objection was made. Without a statement of facts, defendant is not in a position to contradict the implied finding that all issues were tried by the express or implied consent of the parties. The overall appellate burden is upon the one who seeks relief from an adverse judgment. Texas Employers Ins. Ass'n v. Campion, (Tex. Civ.App.) 236 S.W.2d 193. It was the

duty of the defendant to present a record sufficient to enable this court to determine whether or not the issues were tried by express or implied consent. Having failed to do so, defendant failed to discharge its burden of showing that the issues were not tried by consent. Marek v. Baylor County, (Tex.Civ.App.) 430 S.W.2d 220.

■ The judgment indicates that evidence was heard and acted upon by the court. Nothing to the contrary is shown. Consequently, in support of the judgment, it must be presumed that all issues were tried by express or implied consent of the parties and that all issues were properly before the court. Harris v. Harris, (Tex. Civ.App.) 174 S.W.2d 996; Burney v. Winfrey, (Tex.Civ.App.) 329 S.W.2d 136; Rule 67, T.R.C.P.

■ Thus, even though it be conceded, as defendant contends, that the trial court improperly overruled its special exceptions and that there was no waiver of the defective controverting plea at the pleading stage of the trial, nevertheless, under the provisions of Rule 67, supra, defendant is required to go further and reassert its objection to the insufficiency of the pleadings at the proof stage, otherwise the pleadings will be treated as sufficient. Rule 67, supra; Burney v. Winfrey, supra; 2 McDonald, Texas Civil Practice, Sec. 518; Waiver of Pleading Defects and Insufficiencies in Texas, 36 Texas Law Review, page 459. If the pleadings are to be treated as sufficient because of the failure to object to the evidence offered by plaintiffs, it follows that the error of the court in overruling the exceptions at the pleading stage of the trial was harmless. Rule 434, T.R.C.P.

Other points complaining of the admission of testimony over defendant's objection must be overruled for the reasons hereinbefore stated.

The judgment of the trial court is affirmed.