**MOBIL OIL CORPORATION et al.,**
**Appellants,**

v.

**Robert J. GIBBONS et ux., Appellees.**

No. 17514.

Court of Civil Appeals of Texas,
Fort Worth.

June 14, 1974.

Richard L. Hoffman, Dallas, for appellants.

Atkins & Duke, and Bill Atkins, Arlington, for appellees.

## OPINION

MASSEY, Chief Justice.

Plaintiff Robert J. Gibbons and wife sued Mobil Oil Corporation and Mobil Pipeline Company for damages. Defendants filed pleas of privilege to have the case removed. On hearing before the court the pleas of privilege were overruled and the defendants appealed.

Affirmed.

Near unto the real property of plaintiffs, shown by evidence to lie in the county of suit, ran the pipeline of Mobil Pipeline Company, a wholly-owned subsidiary of the Mobil Oil Corporation. Apparently through some construction operations of third persons this pipeline was broken. Oil immediately flowed therefrom and a great quantity flowed onto plaintiffs' property, principally in a low area inclusive of a creek.

Alleged by plaintiffs' original petition was the fact that "Defendants permitted its petroleum products to flood and damage a portion of Plaintiffs' land". By broad construction of pleadings it was elsewhere alleged that such caused damage to plaintiffs' property. Furthermore alleged was the fact that defendants, with consent of the plaintiffs, came onto the premises for the purpose of "clean up", but that in connection therewith defendants hauled away part of the soil and turf (of the land), and that defendants dumped large quantities of sterile sand on the property, in consequence of which upon the occurrence of rainfall and drainage thereof sand and residue of oil was caused to wash upon plaintiffs' land. This was also alleged to have damaged plaintiffs' property. There was other allegation that through defendants' action pursuant to "clean up" it diverted and changed the flow of water and caused the destruction of large trees and damage to fences on the property.

By the controverting affidavit, adopting the original petition of plaintiff (the amendment of the original petition was never stated to be adopted or made a part of the controverting affidavit) the plaintiff appended the following language: "Such allegations show and aver and it is a fact that the Defendants committed a trespass . . . within the meaning of Section 9 of Article 1995, Texas Civil Statutes, and that such trespass is the basis for Plaintiffs' cause of action against said Defendants."

■ From the foregoing it is obvious that plaintiffs alleged a cause of action against defendants under Vernon's Ann. Texas St. Art. 1995, "Venue", Subdivision 14, "Lands", in that the nature of the

plaintiffs' claim is to recover money because of damages to land. See McDonald Texas Civil Practice, Revised Edition, Vol. 1, Chapter IV, "Venue", Sec. 4.22.4, "(Suits for Land, etc.; —(I) Nature of Plaintiff's Claim)— —(b) Suits for Damages to Land." Where the grounds alleged for retention of venue fall within Subdivision 14 the nature of the action is determined by reference to plaintiff's pleadings and plaintiff is not obliged to establish by evidence that defendant is prima facie liable for such damages. In such cases there is no requirement that evidence establish the fact of damage, but it must prove that the land lies in the county of suit.

However, by his controverting affidavit plaintiff said merely that the allegations of the adopted opinion show that defendants committed a trespass within Section (or Subdivision) 9 of Art. 1995. For the moment we disregard whether it does or not, remembering only that the allegations of the petition made a part of the controverting affidavit do show grounds for retention of venue as a suit for damages to land. At the hearing plaintiff stated that he desired to amend his controverting affidavit so as to "add exceptions under Sections 9a and 14". Representation thereof and of the events which ensued is made in defendants' brief and is not challenged by plaintiffs. Defendants then announced that if such permission was granted by the court they desired a postponement in order to prepare further. Plaintiffs' counsel then withdrew the request to amend and the hearing proceeded. The question posed is: Have plaintiffs waived right to have venue sustained by the provision of Subdivision 14? (We disregard the similar question upon Subdivision 9a, though our discussion would embrace it as well.)

■ Our answer to the question stated at end of the preceding paragraph is in the negative. The court was at liberty to consider the applicability of Subdivision 14 and thereupon enter order in retention of venue. It makes no difference what a plaintiff in his controverting affidavit might specify therein as the subdivision(s) under which he might deem authority conferred to maintain his suit where filed. He is not compelled to specify any, nor is he forbidden to specify every one of them. He forfeits nothing by specifying one which is without application. What is of controlling materiality is that his pleading set forth "grounds" which would support the order of the court retaining venue in the county of suit. The question of concern to the court is whether the allegations of fact present a situation where by application of law thereto (and to evidence in support thereof where evidence is necessary) it might properly be held that a legal ground exists which qualifies under one or more of the subdivisions of the venue statute. Plaintiffs were not bound to maintain venue, if at all, by authority of Subdivision 9 as stated by their pleadings, for their statement relative thereto merely amounted to a legal conclusion resultant from the pleaded facts. Motor Inv. Co. v. City of Hamlin, 142 Tex. 486, 179 S.W.2d 278 (1944); American Asphalt Co. v. O'Rear, 36 S.W.2d 779 (El Paso Civ.App., 1931, no writ history) where such was declared upon in a plea of privilege case where the wrong subdivision had been stated by the controverting affidavit; and 45 Tex.Jur.2d p. 403, "Pleading", Sec. 24, "Pleading law or statutes."

■ And, if there might be said to have existed a question whether plaintiffs' evidence on venue facts under Subdivision 9 (under the controverting affidavit of plaintiffs' which adopted the original petition) was insufficient because there had not been an amendment of pleadings, we are of the opinion that we would be relieved of any necessity to resolve that question since the trial opened up everything so that plaintiffs were permitted to make proof which was in no manner limited.

■ Under Subdivision 9, pleadings are not controlling as is the case where venue is controlled by the provisions of Subdivi-

sion 14, and the venue facts must be established by evidence. But, by Texas Rules of Civil Procedure, rule 67, "Amendments to Conform to Issues Tried Without Objection" there is provision that when issues not raised by the pleadings are tried by express or implied consent they shall be treated in all respects as if they had been raised in the pleadings. If this Rule of Civil Procedure applies to instances where the trial is of facts necessary to be presented by evidence upon the issue of venue the trial court may disregard the plaintiff's allegations and view the pleadings as though they had embraced every issue of fact tried without objection. We see no reason why Rule 67 should not have application to a plea of privilege hearing. By this view taken of evidence in the case there is no question but that venue of the case was established under Subdivision 9 in respect to plaintiffs' suit against Mobil Pipeline Company. That would not be true, however, of plaintiffs' suit against Mobil Oil Corporation. The evidence was thrown completely open, without objection at any time that it was beyond the scope of plaintiffs' pleadings.

If by contract or otherwise a man authorize another to come onto his property to mow the grass in his yard, so that such other would not be guilty of trespass by so doing, he nevertheless would become guilty of trespass should he wilfully or intentionally pull up the rose bushes in the yard. The hypothesis serves to demonstrate basis by which Mobil Pipeline Company may be held in the county of suit by provisions of Subdivision 9. (The same liability would exist if the act were negligent rather than wilful, but the venue test would now be by the law in Subdivision 9a rather than 9.)

The trial court was at liberty to conclude that one ground upon which plaintiff was entitled to claim right to maintain venue in the county of the suit was upon the allegation that defendants were liable at law for damages to land. Thereunder the court would not have been disturbed by any question of whether plaintiffs' evidence showed Mobil Oil Corporation to have been guilty of trespass (or negligence). Merely by the plaintiffs' allegations of fact which showed ground to retain venue by Subdivision 14 (plus evidence of the location of the land) was the court authorized to overrule the defendants' pleas of privilege.

Judgment is affirmed.