**LUBBOCK MANUFACTURING COMPANY, Appellant,**

v.

**MANUELA DE JESUS DE GARZA et al., Appellees.**

**No. 6712.**

Court of Civil Appeals of Texas, El Paso.

Nov. 28, 1977.

Groce, Locke & Hebdon, Damon Ball, San Antonio, for appellant.

Hope, Henderson, Hohman & Georges, A. J. Hohman, Jr., Tinsman & Houser, Inc., Richard Tinsman, Franklin D. Houser, Stephen F. Lazor, Bruce M. Miller, San Antonio, Knickerbocker, Abrams & Cowan, V. F. Knickerbocker, Eagle Pass, Law Offices of J. Pat Maloney, Inc., J. Pat Maloney, San Antonio, for appellees.

Clark, Thornton & Summers, Robert B. Thornton, Robert R. Biechlin, Jr., San Antonio, for intervenor Twin City Fire Ins. Co.

## OPINION

OSBORN, Justice.

This is a venue case. It involves 24 separate suits which were consolidated for purpose of the pleas of privilege hearing. All of the cases are damage suits arising from an occurrence in Eagle Pass on April 29, 1975, when a butane tank trailer overturned and exploded. The trial Court overruled the pleas of privilege of the manufacturer of the tank trailer to have the cases transferred to the place of its residence in Lubbock County. We affirm.

The appeal raises three questions. These involve the sufficiency of the Plaintiff's pleadings for venue purposes, and the applicability of Subdivisions 4 and 23 of Article 1995, Tex.Rev.Civ.Stat.Ann.

First, we will consider the pleading question. With but one or two exceptions, the pleadings in all 24 cases contained very general allegations that the LPG tank trailer did overturn and explode in Maverick County, Texas, "because of the negligence" of the driver of the truck. The driver was killed in the accident and his administrator was alleged in the controverting pleas to be a resident of Maverick County. Further, it was very generally alleged that the tank was manufactured by Lubbock Manufacturing Company, Appellant, "that said tank was defective in design and/or manufacture," and that such caused or contributed to cause the explosion and resulting damages. In one case in which special exceptions were filed by Lubbock Manufacturing

Company to the general allegations and sustained, an amended pleading was filed to allege more specific design and manufacturing defects. No exception was presented to the general allegations of the negligence of the driver.

At the venue hearing, two experts testified; one as an accident reconstruction expert, and the other as a metallurgical engineer. The first witness described how the accident occurred, and the other testified as to design and manufacture of pressure vessels, the code requirements and their application to this particular tank based upon his inspection and findings. At the conclusion of the evidence, the Appellant filed a motion in each of the 24 cases to hold the controverting pleas insufficient and to sustain its plea of privilege. The motion was based upon the proposition that the controverting plea in each case failed to set out specifically the grounds relied upon to confer venue in Maverick County. It asserted that only opinions and conclusions had been alleged and not the necessary venue facts. The initial contention on appeal is that such motions should have been sustained.

The Appellant relies primarily upon *Leonard v. Maxwell*, 365 S.W.2d 340 (Tex. 1963); *Jefferies v. Dunklin*, 131 Tex. 289, 115 S.W.2d 391 (1938); and *Henderson Grain Co. v. Russ*, 122 Tex. 620, 64 S.W.2d 347 (1933). We conclude that those cases are not applicable. In those three cases, the plaintiffs did not incorporate their petitions into and make them a part of their controverting pleas. That was done in the cases now before us. None of the evidence at the venue hearing in this case was objected to because of the insufficiency of the pleadings. Thus, we conclude that even though the pleadings only contained a general allegation of negligence, once evidence of specific acts or omissions were offered and received without objection, the specific acts were before the Court and the issues were tried by consent under Rule 67, Tex.R. Civ.P. In *Leonard v. Maxwell*, supra, the Court noted that the defendant made proper objections to the introduction by plaintiffs of any evidence of venue facts. The Court said:

"Plaintiffs say that since the amendment of the Rules of Civil Procedure in 1941, a more liberal construction should be given to allegations in a controverting plea. Had the defendant not excepted to the allegations of the controverting affidavit, nor objected to the introduction of evidence to show the necessary venue facts, he could not now be heard to complain of the contents of the controverting affidavit. Defendant did protect his points in both courts below and is urging them here."

This same issue was before the Court in *Republic Bankers Life Insurance Company v. McCool*, 441 S.W.2d 314 (Tex.Civ.App.—Tyler 1969, no writ). The Court in that case in applying Rule 67, Tex.R.Civ.P., and holding that a waiver existed said:

"Thus, even though it be conceded, as defendant contends, that the trial court improperly overruled its special exceptions and that there was no waiver of the defective controverting plea at the pleading stage of the trial, nevertheless, under the provisions of Rule 67, supra, defendant is required to go further and reassert its objection to the insufficiency of the pleadings at the proof stage, otherwise the pleadings will be treated as sufficient. Rule 67, supra; *Burney v. Winfrey*, supra, [Tex.Civ.App., 329 S.W.2d 136]; 2 McDonald, Texas Civil Practice, Sec. *518*; [sic] Waiver of Pleading Defects and Insufficiencies in Texas, 36 Texas Law Review, page 459. If the pleadings are to be treated as sufficient because of the failure to object to the evidence offered by plaintiffs, it follows that the error of the court in overruling the exceptions at the pleading stage of the trial was harmless. Rule 434, T.R.C. P."

In *Bednarz v. State*, 142 Tex. 138, 176 S.W.2d 562 (1943), the Court held that when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings, and thus an issue could be raised in behalf of a

**466**

party who had filed no pleading whatsoever. Rule 67 has been held applicable in other venue cases where there were pleading defects and the issues were tried by consent without objection. *Mobil Oil Corporation v. Gibbons*, 511 S.W.2d 600 (Tex. Civ.App.—Fort Worth 1974, no writ); *Atlantic Mutual Insurance Company v. Farmers Cooperative Association*, 466 S.W.2d 419 (Tex.Civ.App.—El Paso 1971, no writ). We overrule the point of error complaining of the trial Court's overruling of the Appellant's motion to hold the controverting pleas insufficient.

We now turn to the question of whether or not venue can be maintained in Maverick County under Subdivision 4 of Article 1995, Tex.Rev.Civ.Stat.Ann., and we conclude that it can. That Subdivision provides in part:

" * * * If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. * * * "

■ One of the Defendants is William Sames, III, an attorney and resident of Maverick County, who is the duly qualified administrator of the estate of Jesus Verduzco, deceased, the driver of the tractor truck when the accident occurred. It was necessary that the Plaintiffs prove by a preponderance of the evidence a cause of action against this Defendant who resided in the County where suit was filed. *Stockyards Nat. Bank v. Maples*, 127 Tex. 633, 95 S.W.2d 1300 (1936). We conclude that the evidence from the accident reconstruction witness establishes by a preponderance of the evidence that, on the occasion in question, Mr. Verduzco, after crossing over to the left side of the highway, "over-controlled" his vehicle and turned back to the right too sharply for the load he was carrying, causing the tank trailer to overturn and explode. The Court has impliedly found such fact, that it was negligence and a proximate cause, and the evidence supports such finding. That finding was made with evidence in the record that the butane tank was loaded, the tank and tractor were travelling at least 55 m. p. h., and together they had a gross weight of 72,000 pounds.

■ It is not necessary to prove a cause of action against the non-resident defendant under Subdivision 4. *Stockyards Nat. Bank v. Maples*, supra. What is required is that the plaintiff allege a joint cause of action against the two defendants, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the non-resident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits. *Stockyards Nat. Bank v. Maples*, supra; *Atlas Roofing Co. v. Hall*, 150 Tex. 611, 245 S.W.2d 477 (1952).

■ We conclude that the suit against the manufacturer of the tank trailer is properly joined with the suit against the driver of the truck, and the suit against the two alleged tort feasors may be maintained together. *Jefferson Chemical Company v. Forney Engineering Company*, 466 S.W.2d 361 (Tex.Civ.App.—Houston [1st Dist.] 1971, writ dism'd); *Serv-All Company v. Minatra*, 397 S.W.2d 467 (Tex.Civ.App.—Waco 1965, no writ); *Pittsburgh Plate Glass Company v. Bragg*, 383 S.W.2d 623 (Tex.Civ.App.—Dallas 1964, writ dism'd). We overrule the point of error complaining of the trial Court's sustaining venue in Maverick County under Subdivision 4.

This holding makes it unnecessary for us to pass upon the application of Subdivision 23, and we do not do so. First of all, it is unnecessary, and second, it being unnecessary we refrain from writing what could become the law of the case on the product liability issues with regard to the alleged design and manufacture defects since those issues will be more fully litigated in the trial upon the merits of the case.

The trial Court's orders sustaining venue in Maverick County is affirmed.