**The HOME INSURANCE COMPANY et al., Appellants,**

v.

**BATES WELL SERVICE, INC., Appellee.**

**No. 6661.**

Court of Civil Appeals of Texas, El Paso.

Nov. 30, 1977.

Rehearing Denied Dec. 21, 1977.

Johnson, Guthrie, Nash & Shanklin, Dallas, for appellants.

Warren Burnett, Associated, Warren Burnett, Richard J. Clarkson, Odessa, for appellee.

OPINION

OSBORN, Justice.

We grant in part Appellee's Motion for Rehearing, and our prior opinion in this case, dated October 12, 1977, is withdrawn. This is a venue case. The trial Court overruled the plea of privilege of The Home Insurance Company and The Home Indemnity Company. We affirm as to The Home Indemnity Company and reverse and order the case as to The Home Insurance Company transferred to Dallas County.

Appellee filed a suit in Ector County against Home Insurance Company on October 13, 1971, seeking to recover under a policy of insurance for damages to a well service rig resulting from a "pull-in" or "collapse" as defined in the policy. Home Insurance Company filed a plea of privilege to be sued in Dallas County. Appellee filed a controverting plea asserting the provisions of Subdivisions 5 and 23.[1] The affiant swore "that the allegations contained in the foregoing plea in Plaintiff's Original Petition are in all things true and correct." Home Insurance Company filed a special exception contending that the controverting plea "does not allege nor swear to any specific facts" to support an exception to Article 1995. A hearing was held on February 5, 1973, and the policy was received in evidence. It shows to have been issued by Home Indemnity Company. Proof was of-

---

1. All Subdivision references are to Tex.Rev.Civ.Stat.Ann. art. 1995.

fered concerning the rig collapse in Ector County. The Court did not rule on the matter at that time.

On April 9, 1973, Appellee filed its First Amended Original Petition in which it joined Home Indemnity Company as a party Defendant. This pleading alleged the issuance of the policy and the loss resulting from the rig "pull-in" or "collapse" and sought recovery for the resulting damages. Home Indemnity Company filed a plea of privilege to be sued in Dallas County. Appellee filed a controverting plea adopting and incorporating its First Amended Original Petition and asserted venue in Ector County under Subdivisions 5, 7 and 23. Again, the affiant stated "that the allegations contained in the foregoing plea in Plaintiff's First Amended Original Petition are in all things true and correct." A similar special exception was filed to this controverting plea. On May 31, 1973, Appellee's Second Amended Original Petition was filed to allege for the first time that the well service rig "was damaged in Ector County, Texas." This pleading was not sworn to and the controverting plea was not amended.

On November 15, 1976, another hearing was held and at that time Mr. Bates testified, and at the conclusion of the hearing his deposition which had been taken in 1971 was offered in evidence and it was agreed by counsel for Appellants that it could be received and considered by the judge. That deposition which had originally been taken by counsel for the Appellants contained testimony as to the rig collapse and that it occurred at a location in Ector County, Texas. After that hearing, the trial Court denied a change in venue.

In oral argument, counsel for Appellee acknowledged that Subdivisions 5 and 7 are not applicable. Reliance is now placed solely upon Subdivision 23 to support the trial Court's ruling. Appellants contend that the affidavit in each controverting plea is insufficient because the plea is not sworn to and only the allegations in the Petition and First Amended Petition are sworn to be true and correct. Appellee asserts any de-

fect has been waived because the special exception was too general and did not aver to any defect in the affidavit. This issue need not be decided.

The evidence shows that the policy was issued by Home Indemnity Company and counsel for Appellee so acknowledged at the last hearing. The Court asked: "who is the correct insurance company?" Counsel replied: "Home Indemnity Company, Your Honor." Thus, there was no proof of a cause of action against Home Insurance Company when the policy which was received into evidence showed to have been issued by another company.

Appellee contends venue can be sustained in Ector County against Home Indemnity Company because that was the County in which the cause of action or a part thereof arose and that was the County in which the Plaintiff resided and the Defendant-corporation had an agency or representative in such County.

The filing of the plea of privilege constituted prima facie proof of the Defendant's right to a change of venue. Rule 86, Tex.R.Civ.P. The burden was then upon the Appellee to plead and prove the necessary venue facts to establish an exception to venue in the county of one's residence under Article 1995, Tex.Rev.Civ.Stat. Ann.

Much of the problem in this case arises from a defective affidavit in the controverting plea. As noted above, the affiant swore that the allegations contained in the foregoing plea "in" Plaintiff's Petition are true and correct, rather than swearing that the allegations contained in the foregoing plea "and" the Petition are true and correct. And once the Second Amended Original Petition was filed to allege the damage in Ector County, it was incumbent upon the Appellee to amend its controverting plea to swear to that essential venue fact. *Danaho Refining Company v. Dietz*, 378 S.W.2d 412 (Tex.Civ.App.—Corpus Christi 1964, no writ); *Beasley v. Barshop*, 352 S.W.2d 927 (Tex.Civ.App.—San Antonio 1961, no writ). That was not done in this case. Thus, at the time of the venue hearing, the Appellee had not sworn to the

essential venue facts upon which it relied because there was no sworn allegation that the cause of action or a part thereof arose in Ector County, and neither the three petitions nor the two controverting pleas named or mentioned any agent of Home Indemnity Company being in Ector County, Texas. At that stage of the proceedings, the trial Court apparently should have sustained the special exception, although a question exists as to whether or not it was too general and failed to point out the specific error in the controverting affidavit.

As noted above, at the last hearing evidence was offered through the deposition of Mr. Bates as to the fact that the cause of action, or a part thereof, arose in Ector County and there was no objection to that testimony. We then become confronted with the question as to whether or not the defect in the pleadings was tried by consent under Rule 67, Tex.R.Civ.P. We conclude that it was tried by consent.

This same issue was before the Court in *Republic Bankers Life Insurance Company v. McCool*, 441 S.W.2d 314 (Tex.Civ.App.—Tyler 1969, no writ). The Court in that case, in applying Rule 67, Tex.R.Civ.P., and holding that a waiver existed, said:

> "Thus, even though it be conceded, as defendant contends, that the trial court improperly overruled its special exceptions and that there was no waiver of the defective controverting plea at the pleading stage of the trial, nevertheless, under the provisions of Rule 67, supra, defendant is required to go further and reassert its objection to the insufficiency of the pleadings at the proof stage, otherwise the pleadings will be treated as sufficient. Rule 67, supra; *Burney v. Winfrey* [(Tex.Civ.App.) 329 S.W.2d 136], supra; 2 McDonald, Texas Civil Practice, Sec. 518; [sic] Waiver of Pleading Defects and Insufficiencies in Texas, 36 Texas Law Review, page 459. If the pleadings are to be treated as sufficient because of the failure to object to the evidence offered by plaintiffs, it follows that the error of the court in overruling the exceptions at the pleading stage of the trial was harmless. Rule 434, T.R.C. P."

In *Bednarz v. State*, 142 Tex. 138, 176 S.W.2d 562 (1943), the Court held that when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings, and thus an issue could be raised in behalf of a party who had filed no pleading whatsoever. Rule 67 has been held applicable in other venue cases where there were pleading defects and the issues were tried by consent without objection. *Mobil Oil Corporation v. Gibbons*, 511 S.W.2d 600 (Tex. Civ.App.—Forth Worth 1974, no writ); *Atlantic Mutual Insurance Company v. Farmers Cooperative Association*, 466 S.W.2d 419 (Tex.Civ.App.—El Paso 1971, no writ).

The particular question with regard to whether or not there is a waiver in spite of the special exception is noted in 2 McDonald, Texas Civil Practice, Sec. 5.18, and particularly with regard to the query made in the footnote on page 49 with the answer appearing in the pocket part based upon the *McCool* case.

We overrule the points of error of The Home Indemnity Company and sustain the points of error of The Home Insurance Company, and order the case as to The Home Insurance Company transferred to Dallas County, Texas.