**REVERSE and REMAND and Opinion Filed July 26, 2021**



In The

**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-19-01541-CV

**GREAT DIVIDE INSURANCE COMPANY, Appellant**
**V.**
**ALCUS RESHOD FORTENBERRY, Appellee**

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-06953**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Carlyle
Opinion by Justice Schenck

This appeal arises from a workers' compensation judicial review proceeding in which Alcus Reshod Fortenberry sought to set aside an adverse decision of the Texas Department of Insurance, Division of Workers' Compensation's (the "DWC") appeals panel adopting the hearing officer's earlier denial of Fortenberry's claim. Following a jury trial, the trial court set aside the DWC appeals panel's decision and entered a judgment awarding Fortenberry temporary income benefits.

Great Divide Insurance Company ("Great Divide"), the workers' compensation carrier, appeals the trial court's judgment, urging, in its first issue, the trial court erred in denying its motion to transfer venue from Dallas County to Travis

County. Great Divide's remaining issues relate to the jury's findings, the sufficiency of the evidence, the damages awarded, and the trial court's rulings on certain evidentiary objections.

We conclude Fortenberry failed to show venue was proper in Dallas County and that there is no probative evidence in the record to show venue was proper in Travis County. Because neither party made the necessary venue showing, we reverse the trial court's judgment and remand the case to the trial court to conduct further proceedings on the issue of venue.[1] Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

On May 14, 2015, after graduating from Texas Tech University, Fortenberry entered into an NFL Player Contract with the Dallas Cowboys to become an offensive lineman for the football team. While the term of the contract was for three football seasons, the contract contained various early termination provisions.

On August 2, 2015, Fortenberry sustained a work-related injury to his knee while practicing at the Dallas Cowboys' training camp in Oxnard, California. On August 5, Fortenberry was placed on injured reserve with an estimated recovery period of nine to twelve months. On May 9, 2016, the Dallas Cowboys terminated

---

[1] "In the event that the parties shall fail to make prima facie proof that the county of suit or the specific county to which transfer is sought is a county of proper venue, then the court may direct the parties to make further proof." TEX. R. CIV. P. 87(3)(d); *see also Ken-Do Contracting, L.P. v. F.A. Brown's Constr., L.L.C.*, No. 05-16-00373-CV, 2017 WL 3381105, at *2, 4 (Tex. App.—Dallas Aug. 7, 2017, pet. denied) (mem. op.).

Fortenberry for failing to establish or maintain excellent physical condition to the satisfaction of the team's physician and because his skill or performance had been unsatisfactory as compared with that of other players. Pursuant to the terms of the NFL Player Contract, Fortenberry received compensation for the entire 2015 season, and "injury protection" payments for the 2016 and 2017 seasons.

Fortenberry filed a claim for workers' compensation benefits. That claim was denied, and Fortenberry filed a dispute with the DWC and requested a Benefit Review Conference, followed by a Contested Case Hearing ("CCH"). An Administrative Law Judge ("ALJ") conducted the CCH and later entered her decision and order finding Fortenberry did not have a compensable disability under the Workers' Compensation Act. An appeals panel adopted the ALJ's decision.

Fortenberry filed suit for judicial review of the DWC's decision in Dallas County, Texas alleging, in part, that he "was a resident of Dallas County, Texas at the time of his injury," and that "[u]nder § 410.252 Texas Labor Code, Dallas County is the proper venue for this case."[2] On July 2, 2018, Great Divide filed a motion to transfer venue, objecting to venue in Dallas County and asserting Fortenberry was a resident of Tylertown, Mississippi, and not Dallas County, at the time of his injury; that Great Divide does not have an office, agent or representative in Dallas County;

---

[2] Section 410.252(b)(1) of the labor code provides, "[t]he party bringing suit to appeal the decision must file a petition with the appropriate court in: (1) the county where the employee resided at the time of the injury or death, if the employee is decease." TEX. LAB. CODE ANN. § 410.252(b)(1).

and that venue is proper in Travis County because Great Divide provides workers' compensation insurance coverage in Texas and has a representative in Austin, Texas, that acts as its agent before the DWC.[3]

In response to Great Divide's motion to transfer venue, Fortenberry presented his affidavit stating, "[a]t the time of my injury, I lived and resided at 950 West Walnut Hill Lane, Irving, TX 75038 in Dallas County, Texas." He further noted that "[a]fter training camp, I moved to 2304 N. Washington, Apt. 405, Dallas, Texas 75204-3798" and resided there since, and pointed to his NFL Player Contract with the Dallas Cowboys that contained an addendum by which he agreed, with respect to workers' compensation claims, "venue is proper in Dallas County, Texas and such venue shall be exclusive."

In reply, Great Divide established that 950 West Walnut Hill Lane is an address for a Marriot Residence Inn and that the law firm of Burns Anderson Jury and Brenner, LLP, located in Travis County, is Great Divide's statutorily designated representative to act as agent to receive notices from the DWC and all correspondence and filings with the DWC regarding Fortenberry's workers' compensation claim were filed by the law firm. In addition, Great Divide, through the affidavit of a custodian of records of the Dallas Cowboys, established Fortenberry was in Oxnard, California, on the day he sustained his injury; the Dallas

---

[3] Great Divide is a foreign corporation with its home office in North Dakota.

Cowboys "provided players, who did not have a permanent residence in Dallas, with hotel accommodations in August of 2015"; "Fortenberry was among the players who was provided this accommodation"; and the Dallas Cowboys "paid for [] Fortenberry to stay at a hotel on a temporary basis." Great Divide further presented a player information sheet and a 2015 W-2 form that identified Fortenberry's address as 71 Joe Bullock Rd., Tylertown, MS.

The trial court denied Great Divide's motion to transfer venue, and the case proceeded to a jury trial. The jury found Fortenberry suffered a compensable disability. The trial court entered a final judgment awarding Fortenberry temporary income benefits. This appeal followed.

## DISCUSSION

In its first issue, Great Divide urges the trial court erred in denying its motion to transfer venue because venue was not proper in Dallas County and was proper in Travis County.

## I. Burdens and Standard of Review

A plaintiff's choice of venue stands unless challenged by a proper motion to transfer venue. *In re Mo. Pac. R.R. Co.*, 998 S.W.2d 212, 216 (Tex. 1999). Once challenged, the plaintiff has the burden to present prima facie proof that venue is maintainable in the county of suit. *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999); *see also* TEX. R. CIV. P. 87(2)(a), 3(a). A plaintiff satisfies this burden by properly pleading the venue facts and supporting them with an affidavit and duly

proved attachments that fully and specifically set forth the facts supporting such pleading. TEX. R. CIV. P. 87.3(a). Venue is determined by facts existing at the time the basis for suit accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 15.006. If the plaintiff fails to discharge its burden, the right to choose a proper venue passes to the defendant, who must then prove that venue is proper in the defendant's chosen county. TEX. R. CIV. P. 87(3)(a); *Ford Motor Co. v. Johnson*, 473 S.W.3d 925, 928 (Tex. App.—Dallas 2015, pet. denied).

In an appeal from a trial on the merits, the standard of review we apply to a trial court's venue decision is mandated by section 15.064(b) of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(b); *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 758 (Tex. 1993). Section 15.064(b) requires that we consider the entire record, including the trial on the merits, to determine whether venue was or was not proper in the county of suit. CIV. PRAC. & REM. § 15.064(b). If there is no probative evidence to show venue was proper in the county of suit, we must then determine whether there is any probative evidence in the record to show venue was proper in the county to which transfer was sought. *Ruiz*, 868 S.W.2d at 758. If there is any probative evidence to show venue was proper in that county, we remand with instructions to the trial court to transfer to that county. *Id.* If there is no probative evidence to show that venue was proper in either the county of suit or the county to which transfer was sought, we must remand to the trial court to conduct further proceedings on the issue of venue. *Id.*; *Ken-Do Contracting, L.P. v. F.A.*

*Brown's Construction, L.L.C.*, No. 05-16-00373-CV, 2017 WL 3381105, at *2, 4 (Tex. App.—Dallas Aug. 7, 2017, pet. denied) (mem. op.).

The Texas Workers' Compensation Act includes a mandatory venue provision requiring that a suit for judicial review of an appeals panel decision be filed in the county where the employee resided *at the time of the injury*. TEX. LAB. CODE ANN. § 410.252(b)(1); *Campos v. Tex. Prop. & Cas. Ins. Guar. Ass'n*, 282 S.W.3d 226, 230 (Tex. App.—Austin 2009, no pet.); *see also* CIV. PRAC. & REM. § 15.016 ("An action governed by any other statute prescribing mandatory venue shall be brought in the county required by that statute").

## II. Whether There Is Prima Facie Proof Venue Was Proper in Dallas County

Great Divide argues that Fortenberry's assertion as to the location of his residence at the time of his injury is conclusory and thus is not probative evidence of his residency. Affidavits regarding venue must be made on personal knowledge, shall set forth *specific facts* as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify. TEX. R. CIV. P. 87(3)(a).

Fortenberry's conclusion that he was a resident of the Residence Inn in Dallas County does not qualify as prima facie proof because it is unsupported by facts showing that he maintained that residence in Dallas County on the date of his injury in California. *See* TEX. R. CIV. P. 87.3(a) ("Prima facie proof is made when the venue facts are properly pleaded and an affidavit, and any duly proved attachments

to the affidavit, are filed fully and specifically setting forth the facts supporting such pleadings."); *see also A.H. Belo Corp. v. Blanton*, 129 S.W.2d 619, 622–23 (Tex. 1939) (holding allegation that plaintiff resided in county where suit was filed at the time claim accrued was legal conclusion); *Republic Bankers Life Ins. Co. v. McCool*, 441 S.W.2d 314, 315–16 (Tex. App.—Tyler 1969, no writ) (concluding venue affidavit statement that plaintiffs were "residents of Hopkins County" when cause of action accrued was legal conclusion unsupported by facts); *see also Lenoir v. Marino*, 469 S.W.3d 669, 686–87 (Tex. App.—Houston [1st Dist.] 2015) (op. on reh'g), *aff'd*, 526 S.W.3d 403 (Tex. 2017). ("[L]ogical conclusions are not improperly conclusory if they are based on underlying facts stated in the affidavit or its attachments."); *Weech v. Baptist Health Sys.*, 392 S.W.3d 821, 826 (Tex. App.—San Antonio 2012, no pet.) ("A conclusory statement is one that does not provide the underlying facts to support the conclusion.").

Moreover, Fortenberry failed to present prima facie proof to satisfy the residency requirements for venue purposes. Those requirements are (1) a fixed place of abode within the possession of the party, (2) occupied or intended to be occupied consistently over a substantial period of time, and (3) which is permanent rather than temporary. *Snyder v. Pitts*, 241 S.W.2d 136, 140 (Tex. 1951).[4]

---

[4] In the *Snyder* case, the Texas Supreme Court found Snyder was a resident of Dallam County. In doing so, the court noted Snyder spent five days a week in Dallam County for about two years, he rented a room at a hotel "for [an unspecified] period" and then moved to a room rented in a private home, and he occupied a fixed place of abode consistently and with continuity. *Snyder*, 241 S.W.2d at 141. The supreme court

Under the first element, the party must have some right of possession and not be a mere visitor. *Id.* The plain meaning of possession includes an element of control or dominion over the property, while access is a broader term that confers the mere opportunity or ability to enter. *See Tex. Ethics Comm'n v. Sullivan*, No. 02-15-00103-CV, 2015 WL 6759306, at *7 (Tex. App.—Fort Worth Nov. 5, 2015, pet. denied) (mem. op.) (citing *Access & Possession*, BLACK'S LAW DICTIONARY (10th ed. 2014)); *see generally Zanchi v. Lance*, 408 S.W.3d 373, 378 (Tex. 2013) (considering dictionary definitions in interpreting undefined, statutory term). The right of access does not equate to a right of possession sufficient to raise prima facie proof of a residence. *Tex. Ethics Comm'n v. Sullivan*, 2015 WL 6759306, at *7. A guest in a hotel is a mere licensee, not a tenant. *Richardson v. Bigelow Mgmt., Inc.*, No. 05-06-00213-CV, 2007 WL 1139775, at *4 (Tex. App.—Dallas Apr. 18, 2007, no pet.). Thus, Fortenberry failed to establish he possessed a fixed place of abode at the Residence Inn at the time of his injury.

In addition, Fortenberry provided no evidence of the frequency and duration of his stay at the Residence Inn prior to his injury. Thus, Fortenberry failed to present prima facie evidence establishing a consistent occupancy in Dallas County over a substantial period of time at the time of his injury. *Snyder*, 241 S.W.2d at 141 (collecting cases on second element of secondary-residence test and concluding

concluded, "[a] rented room may be a residence." *Id.* At 141. It did not conclude the rental of a hotel room may be a residence.

–9–

evidence that defendant spent five days a week in county for two consecutive years was consistent occupancy over a substantial period of time); *Plains Ins. Co. v. Acuna*, 614 S.W.2d 885, 887–89 (Tex. App.—Eastland 1981, no writ) (finding no evidence of secondary residence in Maverick County because plaintiff testified he previously rented a house in Maverick County to "live there for . . . several months" before leaving to work in other counties while his wife "sometimes" stayed in Maverick County, lived in Lubbock County at the time his claim accrued, and moved back to Maverick County after claim accrued).

As to the third element, the question of whether a stay is temporary or permanent is a question of intent to be proven by declarations, usually to others, and acts. *Snyder*, 241 S.W.2d at 141. Fortenberry made no attempt to detail any acts that would indicate that his stay at the Residence Inn at the time of his injury was anything other than temporary, nor could he. Rooms at hotels, motels, inns and the like are temporary or transient housing and are not residences. *Warehouse Partners v. Gardner*, 910 S.W.2d 19, 23 (Tex. App.—Dallas 1995, writ denied). Accordingly, Fortenberry failed to establish he consistently and permanently stayed in Dallas County at the time of his injury.

We conclude Fortenberry failed to present prima facie proof of a residence in Dallas County.

Fortenberry asserts even if venue is not mandatory in Dallas County it is permissive because his NFL Player Contract expresses the parties' intention that

–10–

Dallas County is the proper county for maintenance of the current case. As an initial matter, we note that Great Divide is not a party to Fortenberry's NFL Player Contract. Fortenberry claims that because the relationship between an employee, employer, and insurer is contractual and the provisions of the workers' compensation statute existing at the time of the issuance of the workers' compensation policy are to be considered part of the employee–employer contract, *Ankrom v. Dallas Cowboys Football Club, Ltd.*, 900 S.W.2d 75, 78 n. 5 (Tex. App.—Dallas 1995, writ denied), Great Divide is subject to and bound by the venue provision in his contract with the Dallas Cowboys. Fortenberry's extension of this Court's statement in *Ankrom* in reverse is unsupported by any legal authority, and we decline to extend its application here.

Fortenberry further asserts Dallas County was nevertheless a county of proper venue because Great Divide had a principal office in Irving, Texas. We note that where there is no county of proper venue under section 410.252(b) of the labor code, venue is governed by the general venue rule contained in section 15.002(a) of the Texas Civil Practice and Remedies Code. *See Rayas v. Tex. Mut. Ins. Co.*, No. 03-11-00310-CV, 2013 WL 150304, at * 4 (Tex. App.—Austin Jan. 11, 2013, no pet.) (mem. op.). Under that general rule, a lawsuit may be brought "in the county of the defendant's *principal* office of this state, if the defendant is not a natural person." CIV. PRAC. & REM. § 15.002(a)(3) (emphasis added). To establish a principal office in a particular county, there must be prima facie proof that the decision makers for

the organization within the state conduct the daily affairs of the organization in the county. *Id.* § 15.001(a). A mere agent or representative is not a decision maker nor is a principal office one where only decisions typical of an agency or representative are made. *Mo. Pac.*, 998 S.W.2d at 217, 220. Accordingly, to establish venue based on a principal office, Fortenberry must show the employees in the county where the lawsuit was filed are decision makers for the company and have substantially equal responsibility and authority relative to other company officials within the state. *Ford Motor*, 473 S.W.3d at 928–29. Decision makers who conduct the daily affairs are different kinds of officials than agents or representatives, and daily affairs does not mean relatively common, low-level management decisions. *Mo. Pac.*, 998 S.W.2d at 217.

Fortenberry contends a copy of a letter from a claims examiner at Berkley Specialty Underwriting Managers to Fortenberry, notifying Fortenberry that Great Divide disputed his claim and refused to pay benefits establishes Great Divide has a principal office in Dallas County because failure to provide claims services through a resident representative with full power to act for the insurance carrier is an administrative violation, *see* LAB. §406.010(a),[5] and a sub-script on the letter contains an address in Irving, Texas. This letter, standing alone, does not establish

---

[5] 406.010 of the labor code, entitled Claims Service: Administrative Violation, provides, in part, "[a]n insurance carrier shall provide claims service: (1) through offices of the insurance carrier located in this state; or (2) by other resident representatives will full power to act for the insurance carrier . . . . A person commits an administrative violation if the person violates a rule adopted under this section. LAB. § 406.010(a)(d).

Great Divide has a principal office in Dallas County.  At best, it may suggest Great Divide has an agent or representative in Dallas County, which is not sufficient to establish a principal office.  CIV. PRAC. & REM. § 15.001(a).

We conclude Fortenberry failed to prove that mandatory or permissive venue lies in Dallas County.  Thus, there is no probative evidence supporting the trial court's legal determination that venue was proper in Dallas County, and no rational inference could have been made placing venue in Dallas County on the date of Fortenberry's injury.

### III.  Whether There Is Prima Facie Proof Venue Was Proper in Travis County

Next, we must determine whether there is any probative evidence in the record to show venue was proper in Travis County, the county to which Great Divide sought transfer.  TEX. R. CIV. P. 87(2)(a); *Mo. Pac.*, 998 S.W.2d at 216.  In support of its assertion that Travis County was a proper venue, Great Divide relies on the affidavit of one of its attorney stating her law firm, located in Austin, Travis County, serves as Great Divide's statutorily required representative to the DWC, *see* LAB. § 406.011,[6] and acts as agent for receiving notice from the DWC.  She further states any notice the law firm receives from the DWC is notice to Great Divide and all

---

[6] Section 406.011 of the labor code, entitled Austin Representative; Administrative Violation, provides, "(a) The commissioner by rule may require an insurance carrier to designate a representative in Austin to act as the insurance carrier's agent before the division in Austin.  Notice to the designated agent constitutes notice to the insurance carrier. (b) A person commits an administrative violation if the person violates a rule adopted under this section."  LAB. § 406.011.

correspondence and filings with the DWC regarding Fortenberry's workers' compensation claim was filed through the law firm in Travis County.

As stated *supra*, in order to prove the existence of a principal office, a party must show the employees in the chosen county are decision makers for the company and have substantially equal responsibility and authority relative to other company officials within the state. *Ford Motor*, 473 S.W.3d at 928–29. At best, Great Divide's evidence establishes the law firm is its agent for notice and filing with respect to the DWC and functions similarly to a registered agent for service of process. It does not attempt to show the principal decision makers of the company are located there or to establish their role for the company is qualitatively different from that of any other agents, including, for example, its agent in Dallas. *See e.g.*, *id.* at 931 (concluding registered office is nothing more than location entity has designated where it can be served with legal process and does not show principal decision makers of entity conducted its daily affairs from that location). We conclude there is no evidence in the record to show Great Divide has a principal office in Travis County.

## CONCLUSION

Because Fortenberry offered no prima facie proof that he resided in Dallas County for venue purposes on the date of his injury or that Great Divide has a principal office in Dallas County and because Great Divide failed to present prima facie proof it maintains a principal office in Travis County, neither party made the

necessary venue showing. Accordingly, we reverse the trial court's judgment and remand to the trial court to conduct further proceedings on the issue of venue.[7] *See Ruiz*, 868 S.W.2d at 758. We instruct the trial court to direct the parties to make further proof. TEX. R. CIV. P. 87(3)(d). Because this is a threshold determination, we need not address Great Divide's remaining issues. TEX. R. APP. P. 47.1.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

191541F.P05

---

[7] Our conclusion that venue is not proper in Dallas County and the law of the case doctrine applies to exclude Dallas County as a proper venue in any subsequent proceeding. *See Ken-Do Contracting, L.P. v. F.A. Brown's Constr., LLC*, No. 05-19-00228-CV, 2020 WL 1060699, at *3 n.1 (Tex. App.—Dallas Mar. 5, 2020, pet. denied). As the supreme court has explained, "[b]y narrowing the issues in successive appeals, the law-of-the-case doctrine further seeks to promote efficiency and uniformity in the decision-making process. Requiring a party to reargue issues previously lost in the court of appeals as a predicate to this Court's review would obviously work at cross-purposes to the doctrine." *See Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 182 (Tex. 2012) (under law-of-the case doctrine, decision rendered in former appeal of case generally binding in later appeal of same case).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GREAT DIVIDE INSURANCE
COMPANY, Appellant

No. 05-19-01541-CV        V.

ALCUS RESHOD
FORTENBERRY, Appellee

On Appeal from the 134th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-18-06953.
Opinion delivered by Justice
Schenck. Justices Reichek and
Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court to conduct further proceedings on the issue of venue.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 26th day of July 2021.